## THE GETTYSBURG MEMORIAL ASS'N v. JOHN L. SHERFY.

CERTIORARI TO THE COURT OF COMMON PLEAS OF ADAMS COUNTY.

Argued May 31, 1887—Decided October 3, 1887.

On an appeal from the report of viewers appointed under § 3, act of April 9, 1856, P. L. 288, supplementary to the railroad law of February 19, 1849, P. L. 83, relating to the appropriation of land and the adjustment of damages, the appellant is not required to pay costs or enter into a recognizance for the payment thereof as a condition of the right to appeal.

Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; MERCUR, C. J., and PAXSON, J., absent.

No. 17 May Term 1887, Sup. Ct.; court below, No. 132 January Term 1887, C. P.

The Gettysburg Battlefield Memorial Association was incorporated under the act of April 30, 1864, P. L. 670, and the supplementary act of April 24, 1866, P. L. 1075. Viewers appointed to assess damages on the laying out of an avenue, under § 3 of the supplementary act, awarded to John L. Sherfy, a land owner, $1,000. The report was filed June 21, 1886. On June 28, 1886, the association made the usual affidavit and filed an appeal. On February 27, 1887, Mr. Sherfy moved the court to strike off the appeal, first, because the costs had not been paid, and, second, because no recognizance had been entered into by the appellant. On March 7, 1887, the association filed an answer, averring, first, that by the terms of the statute the association had the right of appeal without paying the costs and entering into recognizance, and, second, that, should the court be of opinion that under the law payment of costs and the recognizance were required, the association was ready to submit to the requirement.

On March 8, 1887, the court, WM. MCCLEAN, P. J., sustained the motion made, dismissed the appeal and entered

judgment in favor of Mr. Sherfy for $1,000 and costs. Thereupon the association took this writ and assigned that the court erred in sustaining the motion to strike off the appeal, in refusing to permit the association to perfect the appeal if defective, and in entering judgment in favor of the land owner.

*Mr. David Wills* (with him *Mr. John M. Krauth*), for the plaintiff in error:

1. The third section of the supplementary act of incorporation extends the provisions of the general railroad law of 1849 and its supplements, relating to the appropriation of land and adjustment of damages, etc. The act of 1849 and its supplements do not require of an appellant from a report of viewers the payment of costs or a recognizance as a condition of appeal: Perry v. Penn. Schuylkill V. R. Co., 3 Pa. C. C. 59. The only condition prescribed by the statute is that the appeal be entered within thirty days; and the right to appeal is a statutory right in furtherance of rights guaranteed by the constitution: Rhey v. Baird, 51 Pa. 85.

2. The land owner should have applied for a rule upon the appellant to perfect his appeal if considered defective: Cameron v. Montgomery, 13 S. & R. 128; Clarke v. McAnulty, 3 S. & R. 364; Brown v. Jones, 7 W. 433; Wetter v. Kiley, 95 Pa. 461; Del. & H. Canal Co. v. Loftus, 71 Pa. 418; Craig v. Brown, 48 Pa. 202; Rhey v. Baird, 51 Pa. 85.

*Mr. J. C. Neely*, for the defendant in error:

1. The appeal allowed in railroad damage cases is analogous to an appeal from an award of arbitrators and is to be governed and regulated in the same manner: Schuylkill Nav. Co. v. Kittera, 2 R. 438; Schuylkill Nav. Co. v. Thomas, 13 S. & R. 431; Deisher v. Railroad Co., 2 Pa. C. C. R. 606; Delong v. Railroad Co., 1 Wood. 193; Seal v. Railroad Co., 1 Pears. 108. On an appeal there must be an actual payment of costs: 38 Leg. Int. 72.

2. The cases relied upon by the other side do not apply at all, and refer to one of two classes: (1) Where the affidavit or recognizance is filed in proper time, but is defective in form; never where it was not filed at all or was filed out of time. (2) Where the right to object to the filing of a suffi-

cient affidavit or recognizance, or the fact that none was filed has been waived by the conduct of the appellee, either by his having pleaded to and put the case at issue or by having put the appellant to the trouble and expense of preparing and being ready for trial for one or more terms.

OPINION, MR. JUSTICE STERRETT:

The Gettysburg Battlefield Memorial Association, plaintiff in error, was duly incorporated by the act of April 30, 1864, and supplement of April 24, 1886, for the purpose of securing portions of the battlefield of Gettysburg, preserving the natural and artificial defences and perpetuating the prominent points with memorial structures, laying out and maintaining roads and avenues for accommodation of the public, etc. By the 3d section of the supplement the association is authorized to enter upon and appropriate private property for the use of said public roads and avenues; and to that end, the provisions of the general railroad law of 1849 and its supplements, relating to the appropriation of land, adjustment of damages, etc., are extended to the association. Acting under the authority thus given, the plaintiff in error surveyed and laid out an avenue or road upon lands of defendant; and, being unable to agree with him as to the amount of damages that should be paid, resort was had to the provisions of the act last above referred to. A bond was tendered, refused and approved by the court, and viewers, duly appointed for the purpose, assessed the damages at $1,000. From that assessment the association appealed in due form; but, for the reasons that the costs were not paid and no recognizance given, the court, on application of defendant in error, struck off the appeal and entered judgment for the amount awarded by the viewers. The sole question is whether the court erred in thus striking off the appeal.

The act of April 9, 1856, supplementary to the railroad law of 1849 and explanatory of the act of April 20, 1855, provides that "upon the report of said viewers or any four of them being filed in said court, either party, within thirty days thereafter, may file his, her or their appeal from said report to the court." It was under this clause of the act that the appeal was taken; and there appears to be nothing, either in it or in

any other clause of the act, requiring appellant to pay costs or enter into a recognizance for the payment thereof, as a condition of its right to appeal. That right is statutory and the court has no power to impose terms not required by the act. We think therefore that the court erred in sustaining the motion of plaintiff below.

> Order of court striking off appeal and confirming report of viewers is reversed and set aside; and it is ordered that the appeal be reinstated and record remitted for further proceedings on said appeal.