## John Perry et al., Appts., v. Pennsylvania Schuylkill Valley Railroad Company.

A railroad company is not required to pay the costs that have accrued, or enter into a recognizance for the payment thereof, upon its taking an appeal from the award of viewers assessing damages for land taken by the railroad company under the right of eminent domain.

The right to appeal in the above case is statutory, being based upon the provisions of the act of April 9, 1856 (P. L. 288), and is subject therefore only to the terms imposed upon it by the express provisions of the statute. (Gettysburg Memorial Asso. v. Sherfy, 117 Pa. 256, 10 Atl. 758, followed.)

(Argued January 31, 1888. Decided March 5, 1888.)

January Term, 1887, No. 403, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Appeal of John Perry and William Perry, and of William and John Perry, trading as copartners under the name of William Perry & Company to review a decree of the Common Pleas of Montgomery County overruling their motion to strike off the appeal of the Pennsylvania Schuylkill Valley Railroad Company from an award of viewers assessing damages for land of the appellants taken by the railroad company under the right of eminent domain. Affirmed.

The facts of the case were as follows:
The railroad company was incorporated under the general

NOTE.—This decision overrules Deisher v. Reading & P. R. Co. 2 Pa. Co. Ct. 606.

railroad law embraced in the act of February 19, 1849, P. L. 79, and its supplements. The act of 1849 gave all railroad companies incorporated thereunder the right to enter upon and occupy all lands necessary for the use of their roads, and provided for an assessment of damages by a jury of viewers, but provided for no appeal from their assessment. The act of April 27, 1855, P. L. 365, provided for an appeal, but was silent as to the manner. This was remedied by the act of April 9, 1856, P. L. 288, in the following words: "And upon the report of said viewers or any four of them, filed in court, either party within thirty days thereafter may file his, her, or their appeal from said report to said court." It is further provided that "the said courts shall have power to order what notices shall be given connected with any part of the proceedings, and may make all such orders connected with the same as may be deemed requisite."

The rule of court regulating these appeals in Montgomery county was as follows:

"In the several courts in all cases of reports of juries assessing damages under the right of eminent domain, the owner, occupier, or other person entitled to damages, or the county or other party entitled to appeal, may enter an appeal from such assessment within thirty days after the filing of the report; or in cases of county roads, from the award of the opening order; and where such appeal is entered all exceptions shall be dismissed as a matter of course. Such appeal shall be signed by the party appellant, his agent, or attorney, and must be accompanied by an affidavit of the party appellant, his agent, or attorney, that the same is not taken for the purpose of delay but because the affiant firmly believes injustice has been done."

The railroad company took some land of the appellants and the viewers assessed the value thereof at $28,000, and filed their report October 1, 1884. From this award the railroad company filed its appeal October 25, 1884, in compliance with this rule of court accompanied by the prescribed affidavit. November 22, 1886, the owners of this land moved to strike off the appeal, upon the ground that the accrued costs should have been either paid or security given therefor.

BOYER, P. J., filed an opinion overruling this motion, in which he decided:

1. That the act of 1856 gives to the court an implied power

and authority to regulate the manner of appeals in cases like the present.  1

2. That the rule of court is sufficient in itself to regulate the manner of taking such appeal.  2

3. That the railroad company was not required either to pay the accrued costs or give security therefor.  3, 4

4. That the motion to strike off the appeal was irregular.  A rule should have been taken upon the railroad company to perfect its appeal.  5

5. That the application to strike off the appeal was made too late.  6

The assignments of error specified: (1–6) The findings of the court as above stated.

*Theo. W. Bean,* for appellants.—The costs should have been paid or security given.  Schuylkill Nav. Co. v. Thomas, 13 Serg. & R. 431; Schuylkill v. Kittera, 2 Rawle, 438; Delaware, L. & W. R. Co. v. Burson, 61 Pa. 379; Seal v. Northern C. R. Co. 1 Pearson (Pa.) 108; Delong v. Allentown R. Co. 1 Woodw. Dec. 191.

The objection to the regularity of the motion is irrelevant. The appellants had not waived their right by delay. Their rights cannot be prejudiced by their compliance with or acquiescence in the rule of the court.  McGrew v. Stone, 53 Pa. 441.

*Charles H. Stinson,* for appellee.—The judgment in the appeal will carry costs.  Wadhams v. Lackawanna & B. R. Co. 42 Pa. 303.

The railroad company was only required to comply with the provisions of the act of assembly.  Williamsport & E. R. Co. v. Cummins, 8 Watts, 450; Monongahela Nav. Co. v. Blair, 20 Pa. 71; Cumberland Valley R. Co. v. McLanahan, 59 Pa. 24.

Appellants waived their right.  Heckert's Appeal, 13 Serg. & R. 104; Cameron v. Montgomery, 13 Serg. & R. 128; Clarke v. McAnulty, 3 Serg. & R. 364; Cavence v. Butler, 6 Binn. 52; Brown v. Jones, 7 Watts, 433; Shank v. Warfel, 14 Serg. & R. 205; Cochran v. Parker, 6 Serg. & R. 549; Marks v. Swearingen, 3 Pa. St. 454; Sleck v. King, 3 Pa. 211; Means v. Trout, 16 Serg. & R. 349; Koenig v. Bauer, 57 Pa. 169; Wetter v. Kiley, 95 Pa. 461, 40 Am. Rep. 670; Delaware & H. Canal Co.

v. Loftus, 71 Pa. 418; Weidner v. Matthews, 11 Pa. 336; Wilson v. Kelly, 81 Pa. 411; Craig v. Brown, 48 Pa. 202; Carothers v. Cummings, 63 Pa. 199; Rhey v. Baird, 51 Pa. 86.

The supreme court has already decided this question. Gettysburg Memorial Asso. v. Sherfy, 117 Pa. 256, 10 Atl. 758.

PER CURIAM:

The appeal in this case is dismissed and the decree affirmed, at costs of appellants, for reasons which will be found in the case of the Gettysburg Memorial Asso. v. Sherfy, 117 Pa. 256, 10 Atl. 758.