

## In re Koch

*George A. Shutack*, for petitioner.
*W. D. Lewis*, for respondent.

THOMAS, P. J., April 8, 1936.—On June 21, 1935, the court appointed viewers to appraise and assess lands of Aquilla Koch situate on State Highway Route No. 13010 between Walcksville and Long Run, Franklin Township, this county. The county by due resolution refused to assume any liability for property damages under the provisions of the Act of April 13, 1933, P. L. 41. On September 14, 1935, the viewers filed their report and assessed and awarded damages to Koch in the sum of $200, the said damages to be paid by the Commonwealth of Pennsylvania out of the Pennsylvania motor license fund. The viewers filed a bill of costs which was approved by the court, and the court made an order that "the same be paid out of the Pennsylvania motor license fund, as provided by the Act of April 13, 1933, P. L. 41."

On December 16, 1935, the petition of Warren Van Dyke, Secretary of Highways of the Commonwealth of Pennsylvania, was presented, setting forth that the Pennsylvania motor license fund is not chargeable with the

said costs, whereupon a rule was granted to show cause why the order as to costs should not be stricken off and placed upon the County of Carbon. An answer was filed by the commissioners wherein it is alleged that the motor license fund is liable for the costs under the act.

The question of law for the determination of the court is who is chargeable with the bill of costs submitted by the viewers; whether it is the Commonwealth of Pennsylvania out of the Pennsylvania motor license fund or the County of Carbon.

At common law costs were unknown and the courts have no inherent power to award costs, which can only be granted to either party in any cause or proceeding by virtue of expressed statutory authority. This right is statutory and the court has no power to impose terms not required by the act: The Gettysburg Memorial Assn. v. Sherfy, 117 Pa. 256, 259.

In the Act of April 13, 1933, P. L. 41, the county is relieved of liability for damages resulting from changes of width, etc., whenever the county commissioners do not consent, and the manner and method of appointing viewers is set forth:

". . . to ascertain and assess such damage in the same manner and with the same right of appeal to the owner or owners and to the Commonwealth as is hereinbefore provided in cases where the county agreed to such change, but the damages, when ascertained, shall be paid by the Commonwealth out of moneys in the Motor License Fund."

Neither the title to this act, nor any section thereof, contains any reference whatever to the payment of costs of the viewers.

"In statutory proceedings, the right to costs depends upon the wording of the act providing for such proceedings. As between the parties costs do not follow an award for damages, unless it is so specially provided by the statute": 29 C. J. §§369-370, p. 616; Dollman v. Allegheny County, 12 Dist. R. 535.

Where the rights of the Commonwealth are to be affected the intention must be plainly expressed or necessarily implied: Baker et al. v. Kirshnek et al., 317 Pa. 225.

There is no objection either by the Commonwealth or the county as to the amount or items of the bill of costs.

The Act of June 23, 1911, P. L. 1123, sec. 4, provides for the appointment of viewers and places the charges upon the respective counties. This act was amended by the Act of May 9, 1929, P. L. 1701, and by the Act of June 9, 1931, P. L. 401, sec. 171, and pertains to counties of the sixth class, and these several acts place the costs of the viewers upon the county. The Act of 1933 makes no mention of the costs of viewers, nor is the word "costs" used in the act other than with reference to the removal of structures within the highway right-of-way lines, with the exception that in the concluding paragraph of the act it is provided that nothing in the act shall be construed as placing on the Commonwealth the payment of "any damages or costs incident to the change of width, lines, or location of any State highway," where the highway was widened or relocated prior to the effective date of the act, and such damages or costs are to be paid by the county in the same manner as if the county had agreed to make such payment under the provisions of the act. The only act to which the county points as authority for placing the costs upon the highway department is the Act of April 13, 1933, P. L. 41. There is nothing in this act which places the viewers' costs upon the motor license fund. The statutory authority for placing the costs upon the county still exists, and the court erred in its order placing the costs upon the Pennsylvania motor license fund. The rule should be made absolute.

### Order

Now, to wit, April 8, 1936, the rule heretofore granted to strike off the order made on September 16, 1935, placing the costs upon the Pennsylvania motor license fund, is

made absolute, and the order heretofore made is set aside, and it is therefore ordered and decreed that the County of Carbon pay the said viewers' costs.

From Jacob C. Loose, Mauch Chunk.