## Neel *versus* Neel.

1. The authority to tax costs according to the exigency of each case, or to a general rule, has always been an element of chancery jurisdiction, and is not withheld from our courts in chancery cases.

2. Until the court establish a fee bill in chancery cases, costs are necessarily a matter of discretion, and are to be taxed with the aid of the analogies of our costs at common law.

IN EQUITY.—Appeal from the taxation of costs by the District Court of *Allegheny county.*

In this case, there were bill, answers, replications, and evidence, and the decree of the District Court affirmed on appeal to this court, at September Term, 1852, with costs, and reported in 7 Harris, p. 323, to which reference is made for the facts.

On the 4th of October, 1853, defendant filed a bill of costs for $187.77, which was taxed October 18, 1853, and allowed by the prothonotary.   To this the plaintiff excepted, and on July 12, 1854, the court referred it back to prothonotary for taxation, and on July 19, 1854, he re-taxed the said bill at $134.81.

This taxation was made under an act passed April 6, 1854: "That it shall be the duty of the Judges of the District Court for the county of Allegheny to make and establish a tariff of fees and costs in equity cases."   And a Fee Bill was adopted by the court, July 12, 1854.

July 19, 1854, the defendant's bill was re-taxed, as follows:

| | |
|---|---:|
| " John Neel's answer, | $16.76 |
| Gizella Neel's " | 11.68 |
| Wm. Dunseth's " | 14.50 |
| David Collins's " | 13.75 |
| Wash. Collins's " | 13.75 |
| M. B. Lowrie, taking deposition, | 8.12 |
| R. Morrow, " " | 2.50 |
| J. S. Craft, " " | 3.32 |
| Witnesses' mileage, subpœnas, &c., | 50.43 |
| Total bill, taxed at | $134.81 " |

[Harbison *v.* M'Cartney et al.]

During the taxation, Mr. Woods appeared and objected to the taxation of any costs in this cause, under the Fee Bill adopted July 12, 1854, on the ground that the cause had been determined before the making of said Fee Bill, and before the passage of the act authorizing it, and that therefore this case is not embraced in the provisions of said Fee Bill. His objection being disregarded by the prothonotary, and overruled by the court, he appeals from the taxation.

*Woods*, for appellant.

*M'Candless* and *Hepburn*, for appellee.

The opinion of the court was delivered December 12, 1854, by

LOWRIE, J.—We could not disturb this taxation of costs if we would, for we have not been furnished with the means of correcting it. And perhaps we would not if we could, for, to say the least, it is very unusual in chancery practice to allow appeals from decrees on mere questions of costs. Besides this, if a party thinks he may have to complain of the costs, he ought to see that they are taxed before he brings up his appeal from the decree, and not have two appeals in the same case. But it will do no harm to answer the complaint here made.

The authority to tax costs according to the exigency of each case, or to a general rule, has always been an element of the chancery jurisdiction, and it is not withheld from our courts in chancery cases. Until the court below established a Fee Bill, costs were necessarily a matter of discretion, and were taxed with the aid of the analogies of our costs at common law. The defendant in this case had a right to have his costs taxed according to that discretion, and the plaintiff was not wronged, if before they were taxed, the court defined their discretion by a Fee Bill, and then taxed the costs by it. That which is a proper measure of discretion for all cases is proper for this. If the costs could not have been given without the Fee Bill, then it would be a retroactive regulation if it affected past cases. We do not perceive that there had been any such previous taxation of the defendant's costs as affects the proceeding complained of.

Appeal dismissed at plaintiff's costs.