William Guest *v.* Philadelphia Company, Appellant.

*Costs—Practice, C. P.—Standing of witness to recover his fees.*

A judgment and the bill of costs, agreed to by the attorneys of the parties, having been paid and the judgment having been satisfied, and the costs marked paid, of record, a witness of the plaintiff has no standing to apply for a rule upon the defendant to show cause why such defendant should not pay the witness his fees as a part of the costs of the case. The witness's claim is against the plaintiff in an action of assumpsit.

Argued April 12, 1898. Appeal, No. 118, April T., 1898, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1895, No. 599, making absolute rule on defendant to pay costs to plaintiff's witness. Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Rule on defendant to show cause why it does not pay over the sum of $44.00 to H. E. Kier as witness fees. Before WHITE, P. J.

The facts sufficiently appear in the opinion of the court below which was as follows:

The record of the case on the appearance docket in the prothonotary's office showed that a judgment had been obtained by the plaintiff against the defendant company. The plaintiff's bill of costs, duly sworn to, included $55.00 as the witness fees of H. E. Kier, as a surveyor. The judgment and costs in full were marked paid. Mr. Buchanan, attorney for plaintiff, receipted in full of plaintiff's bill of costs, including the $55.00

witness fees of H. E. Kier. On the record, as it thus stood, a rule was taken on Mr. Buchanan to show cause why he should not pay to H. E. Kier his witness fees. The answer of Mr. Buchanan and the testimony taken on that rule, showed that Mr. Hall acted on part of defendant company at the time the judgment and costs were paid. No objection or exception was filed to the correctness of the plaintiff's bill of costs, or to the witness fees of H. E. Kier. But Mr. Buchanan assumed on his own responsibility to reduce the witness fees of H. E. Kier from $55.00 to $11.00, and received only that amount. Mr. Hall knew the facts, but took it for granted that Mr. Buchanan had authority to reduce the bill. Mr. Buchanan had no such authority. It was done without the knowledge of the plaintiff, and without any notice to H. E. Kier. The record thus stood and still stands, as if the defendant company had paid the full amount of plaintiff's bill of costs, including the $55.00 witness fees of H. E. Kier. No exceptions have ever been filed to the correctness of his fees. The rule on Mr. Buchanan was discharged because before the rule was taken he had paid over the $11.00 to the plaintiff. On the argument of that rule it appeared that the plaintiff was utterly irresponsible, and that the witness could never get the $11.00 paid, and could never get a cent from him if the balance of $44.00 should be paid over to him. Under these facts the court suggested this rule as a possible mode of the witness getting his fees.

Under these facts, I think the defendant company can have no good reason for refusing to pay the witness his proper fees. The defendant company was a party to the erroneous record. The fees have never been paid. The defendant company has no good reason for refusing the witness. It would be aiding the plaintiff to deprive him of his fees by paying them over to the plaintiff. Neither the plaintiff nor his attorney is objecting, or can object to paying them to the witness. The defendant company is legally liable to pay them, unless objection is properly made to the amount. On the argument of this rule I said if the counsel wanted a taxation of this bill to ascertain its correctness, I would so order. But he did not desire that, and would stand on the ground that the witness had no legal claim upon the defendant company; he must look to the plaintiff.

On the facts of the case, being so entirely exceptional in its

character, I think the rule should be made absolute, and it is so ordered.

*Error assigned* was in its judgment in this case, said judgment being as follows: "And now, to wit: September 24, 1897, the within petition presented in open court, upon due consideration thereof, rule is granted upon the Philadelphia company to show cause why it does not pay over the sum of $44.00 to H. E. Kier as expert witness fee, returnable October 2, 1897, at 9:30 P. M.   October 25, 1897, rule absolute."

*G. B. Gordon*, of *Dalzell, Scott & Gordon*, for appellant.— The costs belong to the plaintiff, and this witness Kier has no possible ground to claim them from the defendant, or take a rule and get judgment in his favor for a portion of his costs in this case: Hartley v. Hoppee, 3 Lack. Jur. 337; Prescott v. Otterstatter, 85 Pa. 534; Hower v. Ulrich, 156 Pa. 410.

It is the undoubted law in Pennsylvania that the attorneys in a case have full authority to make an agreement as to the amount of costs: Swartz v. Morgan, 163 Pa. 195; Himes v. Herr, 3 Pa. Superior Ct. 124; Kissick v. Hunter, 184 Pa. 174.

*Harry H. Rowand*, with him *Arch H. Rowand*, for appellee:

OPINION BY BEAVER, J., May 17, 1898:

In an action of trespass in which the plaintiff recovered judgment, the amount of the bill of costs was agreed upon by the attorneys of the parties, the judgment paid and satisfied and the costs marked paid. With the record in this condition, a witness for the plaintiff filed his petition, praying for a rule upon the defendant to show cause why it should not pay the sum of forty-four dollars "his witness fees, as a part of the costs recovered in the above entitled case." The rule was granted and, upon a hearing, made absolute. The granting of the rule and the decree making the same absolute are assigned for error.

What standing had the petitioner in the court below? He was not the defendant's witness. There was no contract on the part of the defendant, express or implied, to pay him his witness fees. His claim was against the plaintiff who had

subpœnaed him and was doubtless liable to pay him whatever witness fees might be due him, which might have been recovered in an action of assumpsit. The judgment entered upon the verdict had been paid, the record satisfied and the costs marked paid. There was, therefore, nothing pending in the court below and the defendant was discharged from all liability by the entry of satisfaction, at least so long as the said entry remained unchallenged. With the record in this condition, it is difficult to see how the plaintiff himself could have been, under any circumstances, entitled to a rule such as was granted in this case. Certain it is that none of his witnesses could or ought to be allowed to intervene as a party interested, for the purpose of enforcing the payment of his witness fees against the defendant however meritorious his claim might be against the plaintiff. If one witness could do this, any number of them might do likewise and the result would be endless confusion and annoyance to both courts and parties. As was said in Prescott v. Otterstatter, 85 Pa. 534: "Such difficulties can be best avoided by recognizing and enforcing the right of each party to attend to his own affairs." The attorneys of the parties, plaintiff and defendant, respectively having agreed as to the amount of the costs, it would seem that no regular taxation under the rule of court was necessary. Their agreement upon the subject seems to us to have avoided the necessity for and been equivalent to a regular taxation.

It is not necessary for us to determine, as the case stands, whether the petitioner, Kier, was entitled to a surveyor's fees under the act of April 7, 1870 (P. L. 1030) relating to Allegheny county, or those of an ordinary witness, nor is it necessary for us to intimate what might have been, if the plaintiff had presented his petition for a rule to show cause why the satisfaction of the record should not be stricken off and a re-taxation of costs allowed.

As the case stands, the petitioner had no rights which could be enforced in the manner in which he sought to enforce them and, the record of the case being entirely closed by the satisfaction thereof, there was nothing upon which a rule such as this could rest, even upon the petition of the plaintiff in the suit.

The decree of the court below is reversed and the rule to show cause, etc., discharged.