## Fourney's License.

*Liquor law—Petition—Certificate of surety—Act of April* 24, 1901, *P. L.* 102—*Statutes.*

The certificate contemplated by the proviso of the Act of April 24, 1901, P. L. 102, relating to the pecuniary ability of a surety, need not be set forth in the petition for a liquor license.

Argued March 8, 1905. Appeal, No. 4, March T., 1905, by the Anti-Saloon League of Lycoming Co., from order of Q. S. Lycoming Co., March T., 1904, No. 112, granting a liquor license In re Petition of John E. Fourney. Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ. Affirmed.

Petition for liquor license. Before Hart, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*H. T. Ames,* for appellant.—By the introduction of the proviso into the ninth clause of section 5 of the act of 1887 by the amendments, the petitioner for a license is compelled to make an entirely different averment, when the sureties are on more than one bond, or on previous bonds than the petitioner had to make prior to the passage of the amendments, or where the surety is only on the bond of the petitioner, otherwise the proviso is a nullity.

A proviso is defined to be something engrafted upon a preceding enactment for the purpose of taking special cases out of the general enactment and providing specially for them: Potter's Dwarris on Statutes, 118; Folmer's Appeal, 87 Pa. 133.

The principle undoubtedly is that the sound interpretation and meaning of a statute, on a view of the enacting clause and proviso taken and construed together, is to prevail: Folmer's Appeal, 87 Pa. 133.

The decision of the Supreme Court is that in all matters of substance and not of form the statute must be followed, otherwise the petition is a nullity and the court has no jurisdiction : Forst's License, 208 Pa. 578.

A petition should be legally complete in all the statutory details when it is filed in the court: Cramer's License, 23 Pa. Superior Ct. 596 ; Miller's License, 13 Pa. Superior Ct. 272.

The requirements of the act of 1887 and its several supplements cannot be transcended or enlarged, and the court cannot entertain any other kind of certificate than the one prescribed by the statute: Forst's License, 23 Pa. Superior Ct. 600 ;

Frost's License, 208 Pa. 578 ; Fisher v. Connard, 100 Pa. 63 ; Gyger's Estate, 65 Pa. 311 ; Umholtz's License, 191 Pa. 177 ; Com. v. Fraim, 16 Pa. 163 ; Com. v. Schmunk, 22 Pa. Superior Ct. 348 ; Retain Liquor License Sureties, 10 .Pa. Dist. Rep. 209.

*G. B. M. Metzger*, for appellee.—The court had jurisdiction of the petition as originally filed : Branch's License, 164 Pa. 427.

Where the words of an act are clear, and there is no ambiguity, they will be presumed to carry the legislative intent, and the court will construe the act according to the plain meaning of its terms : Haddock v. Com., 103 Pa. 243 ; Pittsburg Brewing Co.'s Brewer's License, 12 Pa. Superior Ct. 176.

A proviso is defined to be something engrafted upon a preceding enactment for the purpose of taking special cases out of the general enactment and providing specially for them : Folmer's Appeal, 87 Pa. 133.

OPINION BY RICE, P. J., April 17, 1905 :

The Act of May 13, 1887, P. L. 108, provided that the petition for a retail liquor license should contain : " Ninth. The names of no less than two reputable freeholders of the ward or township where the liquor is to be sold, who will be his, her, or their sureties on the bond, which is required, and the statement that each of said sureties is a bona fide owner of real estate in the said county worth over and above all incumbrances the sum of $2,000, and that it would sell for that much at public sale, and that he is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors." This clause of the section, as amended by the Act of April 24, 1901, P. L. 102, reads as it did originally, except for the substitution of the word " county " in place of the words " ward or township," and the addition of a proviso, which, so far as material here, reads as follows : " Provided, That when any person is surety upon more than one bond, he shall certify that he is worth four thousand ($4,000) dollars, over and above all incumbrances, and over and above any previous bond he may be on as surety." It is contended by the appellant's counsel, not only that this certificate must be made by the applicant for the li-

cense, but also that it must be included in his petition and be sworn to by him.    The first and most obvious objection to this proposition is that it is not supported by the grammatical construction of the language, according to which the pronoun " he " plainly relates to the antecedent words " any person." This, however, is not necessarily conclusive of the question for decision.    The grammatical construction of a statute is not the only mode, and not always the true mode of interpretation : Fisher v. Connard, 100 Pa. 63.    We must still look at the context and, from the statute as a whole, viewed in the light of the cause or occasion of passing it and the mischief to be remedied, arrive at the construction which will effectuate the intent of the legislature, if that can be done without perverting or ignoring the language they have chosen to express their will.    But, in general, where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, they are not to be departed from merely because the court may be of opinion that a different provision would more effectively accomplish the general purposes the legislature had in view.    Even if the language of the proviso above quoted was so ambiguous in itself, or when read with the context, as to make it permissible to look at the effect of the two constructions contended for in order to determine the choice, the one already suggested would be more reasonable.    It so happens in Lycoming county that it is the practice to file the bond with the application, but that is not required by law, nor is it the practice in all the counties of the state.    If the construction contended for by the learned counsel for the appellant were adopted, an owner of real estate worth barely $2,000 over and above incumbrances might be proposed as surety in a dozen applications, and if at the time the applications were filed he had not actually executed any bond, the certificate contemplated by the act of 1901 need not be made by anyone.    Surely the legislature did not intend that.    Their manifest purpose was to require evidence, in the form of a certificate, that, if at the time of his execution of the bond in question he shall be surety on any previous bond, he is worth a certain amount of money.    Further, the title of the act of 1901 gives no clear notice of a provision affecting what is to be set forth in the application relative to the financial responsibility of the proposed sureties.    It is well settled since

the adoption of our present constitution, however it may have been before, that "the title of an act is part of it; it limits its scope, and is properly used in interpreting its words:" Perkins v. Philadelphia, 156 Pa. 554; Pennsylvania R. R. Co. v. Riblet, 66 Pa. 164; Commonwealth v. Hanley, 15 Pa. Superior Ct. 271. Whether it was more expedient to require the certificate under consideration to be made by the applicant and included in his petition, or by the surety, was a purely legislative question, upon both sides of which plausible arguments may be made. Our province is simply to determine what the legislative will is. Having regard to all the matters which may be properly taken into consideration in determining that question, we are of opinion that the adoption of the plain grammatical construction of their words is more likely to effect the intent of the legislature than that suggested by the learned counsel for the appellants.

Several other questions were discussed on the argument, and amongst them the question whether an unincorporated association of individuals having no interest in the matter different from that of all other citizens of the commonwealth had a right to appear by attorney and move to quash the application upon the ground that it is defective, and to appeal from the final order granting the license. In the view we take of the merits of the appeal it is unnecessary to discuss any of these questions. We remark, however, in order to prevent misapprehension, that we do not regard Wacker's License, 6 Pa. Superior Ct. 323, as ruling the question last stated. The two cases are plainly distinguishable, and the fact that we dispose of the appeal upon its merits is not to be taken as an implied decision of that question. What we decide is that the statute does not require that the certificate contemplated by the proviso of the act of 1901 be set forth in the petition for a license.

The order is affirmed.