## Keim's License.

*Liquor law—Petition for retail liquor license—Averment as to other business—Surety—Statutes—Construction of.*

1. A petition for a retail liquor license need not aver that the applicant "is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors." These words in the act apply to sureties for the applicant, and not to the applicant himself.

2. In general, where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, they are not to be departed from merely because the court may be of the opinion that a different provision would more effectively accomplish the general purposes the legislature had in view.

Argued April 28, 1915. Appeal, No. 2, March T., 1915, by Howard A. Keim, from order of Q. S. Perry Co., Jan. T., 1915, No. 27, refusing a liquor license In re Application of Howard A. Keim for retail liquor license. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Petition for retail liquor license. Before SEIBERT, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court refusing liquor license.

*James M. Barnett*, of *Barnett & Son*, with him *Luke Baker*, for appellant.

No printed brief for appellee.

RICE, P. J., May 14, 1915:
As shown by the order from which this appeal is taken, as well as by the opinion of the learned judge below, the court held that it had not jurisdiction because of the omission to set forth in the petition that the

applicant is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors. The precise question has been considered by the court in the case of the appeal of F. N. English, in which we herewith file an opinion. We have further reconsidered it in the light of the opinion of the learned judge below and of the extensive and able arguments of counsel in the present case. The question turns upon the construction of the language of the statute relative to what must be set forth in the ninth paragraph of the petition. So far as material it reads as follows: "Ninth. The names of no less than two reputable freeholders of the county where the liquor is to be sold, who will be his, her or their sureties on the bond which is required, and a statement that each of said sureties is a bona fide owner of real estate in said county worth over and above all incumbrances, the sum of two thousand (2,000) dollars and that it will sell for that much at public sale, and that he is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors," etc. In the case referred to we said: "The words, 'he is not engaged' grammatically construed, refer to 'each of said sureties,' not to the applicant. 'The grammatical construction of a statute is not the only mode and not always the true mode of interpretation: Fisher v. Connard, 100 Pa. 63. We must still look at the context, and from the statute as a whole, viewed in the light of the cause or occasion of passing it and the mischief to be remedied, arrive at the construction which will effectuate the intent of the legislature, if that can be done without perverting or ignoring the language they have chosen to express their will. But, in general, where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, they are not to be departed from merely because the court may be of opinion that a different provision would more effectively accomplish the general purposes the legislature had in view: Fourney's License, 28 Pa. Superior Ct. 71.' Here

there is nothing in the context to indicate that construing the section according to the natural and ordinary sense of the words, and their grammatical relation to each other, will not fully effectuate the legislative intent; on the contrary, the context shows that the subject of the applicant's being otherwise engaged in the liquor business was covered as fully as the legislature deemed necessary in the sixth and seventh paragraphs of the prescribed form of petition. Nor will any absurd result be reached by construing the ninth paragraph to relate to the sureties as its plain terms imply. It follows that the objection that the petition does not aver that the applicant 'is not engaged in the manufacture' etc., is not well taken." As already stated, we have fully considered the arguments, pro and con, upon this question, and conclude that the petition was sufficient in form to give the court jurisdiction. It follows that the order must be reversed and. the record remitted for further proceedings, according to law.

The order is reversed and the record is remitted to the court of quarter sessions of Perry county for further proceedings according to law.