Walker, Appellant, *v.* Pennsylvania Railroad Company.

Argued October 5, 1942.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY,
JJ.

*J. Paul Erwin,* with him *W. Glenn George,* for appellant.

*Philip Price,* with him *Scott Seddon* and *Barnes, Dechert, Price & Smith,* for appellee.

OPINION BY BALDRIGE, J., December 15, 1942:

This appeal involves the interpretation of the Act of Assembly of July 21, 1941, P. L. 425, 28 PS §416.1, which regulates payment of compensation to witnesses and taxation thereof as costs. The principal facts are not in dispute. Most of them have been agreed upon in a stipulation entered into by both parties.

The plaintiff brought an action of trespass in the Court of Common Pleas in Philadelphia against the defendant railroad company to recover damages arising from a grade crossing accident occurring in Lycoming County, Pennsylvania. The case was listed for trial and was assigned to Court of Common Pleas No. 1 on Wednesday October 22, 1941 before PARRY, J. and a jury. A jury was sworn shortly before 12 o'clock and then an adjournment was had until 1:30. When court reconvened counsel for the plaintiff, as a result of certain information received, immediately suffered a voluntary non-suit.

The defendant thereafter filed a bill of costs covering fees, mileage, board and lodging at a Philadelphia

hotel for 26 witnesses, to which the plaintiff filed exceptions. Ten of the witnesses named in the bill were subpoenaed. The remaining 16 were not served. Only 5 of the witnesses appeared in the courtroom the day the case was called and none of them had been subpoenaed. The other 21 witnesses, including those subpoenaed, were on their way to the courtroom when they were met in the corridor of City Hall, where the courtroom is located, by the defendant's attorney who informed them of the disposition of the case. In such circumstances may this bill of costs be sustained?

The prothonotary of the court of common pleas disallowed fees, board, lodging, and mileage for all the 26 witnesses and allowed only the costs of serving subpoenas on 10 witnesses amounting to $19. Defendant filed exceptions, which were heard by the court of common pleas. It held that the Act of 1941, supra, must be given a liberal interpretation and that the witnesses who attended voluntarily, though not subpoenaed or actually present in the courtroom, were nevertheless in attendance within the purview of the Act of 1941, supra, and entitled to compensation as therein provided. The Act of 1941, supra, supersedes earlier acts [1] and was no doubt intended as a general law on the subject. Section 1, 28 PS §416.1, provides: "The word 'witness' as used in this act means a witness *subpoenaed* to testify before (a) any court of record ......" (Italics supplied) Section 2, 28 PS §416.2, provides: "Every witness shall be paid at the rate of three dollars ($3) per day during the necessary period of his *attendance.*" (Italics supplied) Section 4 fixes an allowance of 5 cents per mile for a witness. Section 6 provides for pay of $3 per night for lodging where the witness re-

[1] Acts of May 22, 1933, P. L. 851; April 27, 1927, P. L. 463; June 1, 1907, P. L. 364, §1, as amended by Acts of May 23, 1919, P. L. 258, §1 and July 11, 1923, P. L. 1046, §1, February 23, 1889, P. L. 8, §1.

sides over 50 miles from the place where the proceeding is held. Section 8 provides: "All compensation properly paid in accordance with the provisions of this act to witnesses in any proceeding shall be taxable as costs therein."

In describing conditions under which a witness fee is allowable the act speaks of the "necessary period of his *attendance*" (Sec. 2) : "a witness necessarily *present*" (Secs. 3, 5, and 6) ; "where his *attendance* is required" (Sec. 4) ; "witnesses who *attend* any proceeding under subpoena, but are not called to testify therein" (Sec. 7). In view of the repeated use of the words we have italicized it is plain it was not within the contemplation of the legislature that witnesses, who were on their way, but had not reached the courtroom, were not present or in attendance as witnesses as defined by the act.

The right to recover costs in this Commonwealth rests entirely on statutory enactments: *Steele v. Lineberger*, 72 Pa. 239, 240. We are not concerned here whether a strict or liberal construction should be applied. The Act of May 28, 1937, P. L. 1019, Article IV, §58, 46 PS §558, expressly provides that the "rule that laws in derogation of the common law are to be strictly construed, shall have no application to the laws of this Commonwealth hereafter enacted." Moreover, the Act of 1941, supra, is clear and definite in its provisions which might be given a reasonable construction in the light of the popular meaning of the words used: §33 of Statutory Construction Act of May 28, 1937, P. L. 1019, supra; *Horosko v. Mt. Pleasant Twp. School Dist.*, 335 Pa. 369, 373, 6 A. 2d 866. Another well recognized rule of construction is that the words of a statute cannot be extended beyond their plain meaning: *Grayson v. Aiman, Inc.*, 252 Pa. 461, 466, 97 A. 695. We said in *Keim's License*, 59 Pa. Superior Ct. 631, 632: " 'But, in general, where the words of a statute are plainly

expressive of an intent, not rendered dubious by the context, they are not to be departed from merely because the court may be of opinion that a different provision would more effectively accomplish the general purposes the legislature had in view: *Fourney's License,* 28 Pa. Superior Ct. 71.' "

Present Rule 146 of the Court of Common Pleas of Philadelphia County, in which this case was litigated, provides that a bill of costs "shall be verified by the affidavit of the party filing it, or his agent or attorney, that the witnesses named were *actually present in court,* and that, in his opinion, they were material witnesses." (Italics supplied) The requirement that the party filing a bill of costs shall verify that the witnesses named were "actually present in court on the days stated" was embodied in a rule of court in Philadelphia County, adopted March 8, 1889. See *Flisher v. Allen, Jr.,* 141 Pa. 525, 21 A. 672.

Under early decisions it was held in this Commonwealth that witnesses *subpoenaed* though *not examined* and *examined* though *not subpoenaed* are entitled to be paid: *De' Benneville v. De Benneville,* 1 Binney 46; *Litz v. Kauffman,* 2 Walker 227. Under the ruling of these cases, however, a witness had to be in attendance in the court, subpoenaed and ready to testify if called, in order to be entitled to fees, unless he was actually sworn and gave testimony. These early Supreme Court cases do not go to the extent of holding that witness fees may be taxed as part of the costs where the witnesses were neither subpoenaed, nor testified, but were present voluntarily at the request of the party as was ruled by lower courts in *Com. v. Smith et al.,* 4 C. C. 321; *Com. v. Swisher,* 3 Dist. R. 662; and *Lagrosse v. Curran,* 10 Phila. 140. These lower court cases, some involving taxation of costs in criminal action, were all decided long before the present 1941 statute.

Section 7 of the 1941 Act, supra, 28 PS §416.7 provides that witnesses who attend under *subpoena,* but who are not called to testify, shall be entitled to the same compensation as though actually called. This express mention of witnesses *subpoenaed* but not called, is an implied exclusion of those *not subpoenaed* and *not called* though voluntarily present, under the familiar rule of construction that the express mention of one thing impliedly excludes the other: *Fazio v. Pittsburgh Rys. Co.,* 321 Pa. 7, 11, 182 A. 696; *Dixon's Case,* 138 Pa. Superior Ct. 385, 390, 11 A. 2d 169.

The only correct construction of the 1941 Act, supra, in our view is that witnesses voluntarily in court, not subpoenaed, and not called, are not entitled to fees taxable as part of the prevailing party's bill of costs in civil actions. Where a plaintiff suffers a voluntary non-suit, defendant must have subpoenaed his witnesses, and have them actually in court in order to tax his witness fees as costs against the losing party.

We are not here concerned with instances where the witnesses appear voluntarily, without subpoena, and are called to testify at the trial. Such a case will be decided when it arises.

The interpretation we have given the act in question does not impose a hardship upon the winning party. On the other hand, if we accept the liberal construction of the act given by the lower court we are unwarrantedly extending the meaning of the language used in this act, thus opening the door to confusion. It follows that none of defendant's witnesses for whom costs are claimed came within the 1941 Act.

The order of the court below is reversed and the costs are directed to be retaxed in the sum of $19 as originally taxed by the Prothonotary of the court of common pleas.