## Segmiller's Estate

*Paul E. Beaver*, for accountant.

*J. Calvin Lang, Jr.*, and *Martin Goodman*, for exceptants.

PATTERSON, P. J., November 10, 1943.—Three of the children of Jacob Segmiller, deceased, except to the auditor's allowance of funeral expenses incurred by the executrix in the State of Florida, in the total sum of $1,209.49, and also an item expended by the executrix, who lived in Cincinnati, Ohio, consisting of rail-

road fare, Pullman fare, taxi fare in Cincinnati, and taxi fare in Altoona for herself and sister in attending the hearing before the auditor in the settlement of the account in Altoona, in the sum of $90.25.

The executrix excepted to the auditor's surcharge in the sum of $150.58 in the settlement of the real estate.

The testimony shows that decedent, Jacob Segmiller, was spending the winter in Florida in 1939, where he died as the result of a stroke of apoplexy. During his illness friends in Florida telephoned to the daughter, Mary Segmiller, in Cincinnati, and she immediately went to Florida and took care of her father until he died, and then, at the suggestion of an uncle, she arranged for the services of an undertaker in Florida, who prepared the body for burial, furnished a casket and other items making a total sum of $1,209.49. Upon her arrival in Altoona with the body she was met at the train by Jacob Segmiller and William Segmiller and their wives, and there she immediately told them about the funeral arrangement she had made, and they said it was "OK" with them; that whatever she had done was all right. Later letters testamentary were granted to her as executrix of the will of her father. After appraisement and filing of account it was disclosed that the liquidated value of the personal estate was $3,096.28, and that the real estate was valued at $4,000, making a total estate of $7,096.28.

Exceptants complain that the undertaker's bill in Florida was out of proportion with the estate of their father. The executrix answered by saying that testator, her father, had directed in his will that his burial should be "In a manner pertaining to my estate and station in life, beside the body of my wife in Oak Ridge Cemetery in Altoona". It was also shown that the father had communicated to the executrix and the other children that he desired a funeral of the same character as he had provided for his wife, who died in

1935. It was shown that his wife had died while visiting Cincinnati, Ohio, and that he had selected a bronze casket and made arrangements for the funeral of his wife at the expense in Cincinnati of $677.95, and an additional amount in Altoona, or a total of $818.45.

At the time she contracted for the funeral arrangement in Florida she was required to pay a deposit of $500 from her personal funds and to give her personal note as additional security until the funeral bill could be paid from the estate. It is not denied that she acted in good faith throughout the transaction. She was in a strange country and, under the circumstances, had no opportunity to market around for prices on the funeral arrangements. Exceptants take the position that the amount paid by the executrix was out of proportion to the size of the estate, but in view of all circumstances and the surroundings, and the fact that she acted in good faith, and that exceptants themselves approved the arrangement as soon as she arrived in Altoona with the body, and that no creditors' rights are affected, the court is of the opinion that the exception to the funeral item paid by the executrix in the sum of $1,209.49 should not prevail. Therefore, the exception filed by Jacob Segmiller et al. on that ground is overruled.

With regard to their exception to the item of carfare and expenses of executrix and her sister to attend the hearing before the auditor in the distribution of the estate, it is sustained only in part. The executrix and her sister voluntarily traveled from Cincinnati to Blair County to attend the hearing before the auditor. Both testified, but neither had been subpœnaed. Therefore they would not be entitled to their carfare and traveling expenses as witnesses: Walker v. Pennsylvania R. R. Co., 151 Pa. Superior Ct. 80; but executrix resided in Cincinnati and her father knew that when he wrote the will. In attending to the audit in the settlement of the estate it was necessary for executrix

to incur extraordinary expense in coming to Altoona, not only to be present at the audit, but to see that the estate was properly distributed. Her presence as executrix was necessary. Therefore she should be entitled to the extraordinary expense incurred in leaving her home in Cincinnati and traveling to Altoona and return, as follows: Carfare, $35.40; hotel bill, $3.15; taxi service, $1.80, or a total of $40.35. The exceptants also complain about the expense incurred by Mrs. Pauline Musekamp, sister of the executrix, in traveling from Cincinnati to Altoona and return. The sister was not subpœnaed and therefore she would not be entitled to her carfare or other expense. However, she was called as a witness while she was present at the hearing before the auditor in Altoona and would therefore be entitled to her witness fee of $3 for the day. Therefore, the exception to the item of $90.25, carfare and traveling expenses to the executrix and her sister, Mrs. Pauline Musekamp, is sustained, subject to the allowance of $40.35 to the executrix as necessary extraordinary expense incurred by her in the process of administering the estate, and $3 to Mrs. Pauline Musekamp as a witness at the hearing before the auditor, making a total allowance of $43.35 as against the claim of $90.25. The accountant is therefore surcharged with the item of $46.90, which is to be added to the amount for distribution.

The executrix's exception to the auditor's report surcharging her with $150.58 as compensation on the appraised value of the real estate was not seriously urged at the argument. Therefore, that exception is overruled.

### Decree

Now, November 10, 1943, exceptions of Jacob Segmiller, William Segmiller et al. to the item of $1,209.49 are overruled, and the exception to the item of traveling expense of the executrix and her sister from Cin-

cinnati to Altoona to attend a hearing in the settlement of the estate, in the amount of $90.25, is sustained to the extent of $46.90. Balance of said item, to wit, $43.35, is allowed.

The exception of the accountant to the auditor's disallowance of the item of $150.58, commission on value of real estate, is overruled.