Fife, Appellant, *v.* The Great A. & P. Tea Company.

Argued April 11, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Edward O. Spotts, Jr.,* with him *John D. Meyer,* for appellant.

*William H. Eckert,* with him *Alexander Black, Jr.* and *Smith, Buchanan & Ingersoll,* for appellees.

OPINION BY RHODES, P. J., July 19, 1951:

Plaintiff, William E. Fife, has appealed from an order of the court below[1] dismissing exceptions to the action of the Prothonotary of the Court of Common Pleas of Allegheny County in taxing as costs fees paid by defendant The Great Atlantic & Pacific Tea Company to witnesses for attendance at two trials of the action between the parties. The taxation of costs is a matter for the exercise of judicial discretion. In the absence of manifest error of law the appeal will be dismissed. *Sivak Estate,* 161 Pa. Superior Ct. 323, 328, 53 A. 2d 858, affirmed 359 Pa. 194, 58 A. 2d 456; *Hartley v. Weideman,* 28 Pa. Superior Ct. 50, 54; *Miskey's Appeal,* 1 Sadler 407, 18 W.N.C. 100, 4 A. 744.

The action was in trespass for conspiracy. The first trial began on March 15, 1943, and on March 26, 1943, after the close of plaintiff's case, a compulsory nonsuit was entered. On plaintiff's motion the court in banc removed the nonsuit, and the case was tried again beginning January 21, 1946, and continuing to March 19, 1946, when the case was submitted to the jury. The jury was unable to agree on a verdict, and on March 23, 1946, it was discharged. On proper motion, judgment on the whole record was ordered on July 30, 1946, for all the defendants, and on August 7, 1946, judgment was entered for The Great Atlantic & Pacific Tea Company. See Act of April 20, 1911, P.L. 70, §1, 12 PS § 684. An appeal was then taken by plaintiff, and the

---

[1] *Fife v. A. & P. Tea Co.,* 71 Pa. D. & C. 128.

judgment was affirmed by the Supreme Court of Pennsylvania on March 24, 1947 (356 Pa. 265, 52 A. 2d 24). Plaintiff's petition for certiorari to the Supreme Court of the United States was denied on October 13, 1947 (332 U. S. 778, 68 S. Ct. 42, 92 L. Ed. 362), and on November 10, 1947, his petition for rehearing was also denied (332 U. S. 821, 68 S. Ct. 143, 92 L. Ed. 397). On December 29, 1947, the record was returned to the prothonotary of the court below. Pursuant to notice served on plaintiff's counsel, on June 3, 1949, witness bills for both trials were filed on June 7, 1949. Hearing before the prothonotary on plaintiff's objections was fixed for June 21, 1949. After hearing, the prothonotary, on September 20, 1949, filed an order taxing as costs a witness bill for the first trial of $133.60, and a bill for the second trial of $995.34.

The court below, in an opinion by Judge SOFFEL, dismissed the thirteen exceptions filed to the prothonotary's taxation of defendant's costs. Plaintiff's appeal is now before us.

Appellant's first contention is that there was error in taxing any costs by reason of the undue delay on the part of appellee in filing the bills for the respective trials. He asserts that the right to tax the costs for the first trial arose on entry of the nonsuit on March 26, 1943, and that appellee's bill for these costs not having been filed until June 7, 1949, more than six years after such nonsuit, was barred by the statute of limitations. 12 PS §31. He also argues that appellee's delay in filing bill for its costs arising out of the second trial for almost three years after judgment on the whole record was ordered against him, and over a year and a half after the termination of the appeal proceedings, prevented the taxation of such costs. We find no merit in appellant's argument that the taxation of costs was barred by the statute of limitations. Even if we held, which we do not, that the statute providing for a six-

year limitation to actions in assumpsit applies to the filing of bill of costs covering witness fees by the successful party and the taxation of his costs, the bill in the present case was filed in less than three years from August 7, 1946, the date judgment was entered for appellee. In any event, the liability to pay the costs would be fixed by the judgment rather than by the date of the nonsuit which was removed by the court in banc. Likewise, we find no merit in appellant's assertion that appellee is precluded by laches from having its witness bills taxed as costs. The court below adequately disposes of this question in its opinion: "There is no statute in Pennsylvania imposing a limitation on the time within which a witness bill must be filed or the costs in the case must be taxed. Nor is there any rule of the Court of Common Pleas of Allegheny County, imposing such limitation. It has been held that the costs of a case [need] not be taxed until after the case has been reviewed on appeal: Miskey's Appeal, 18 W.N.C. 100. The case at bar was decided by the Supreme Court on March 24, 1947, and on April 16, 1947, the remittitur was filed in the prothonotary's office of Allegheny County. Subsequently a certiorari was taken to the Supreme Court of the United States which was denied on November 10, 1947, the record being returned to the prothonotary's office on December 29, 1947. The proceedings before the prothonotary to tax witness bills as part of the costs were filed within a year and a half after the final decision in the Supreme Court. We would say that normally witness fees should be taxed within a reasonable time after the final adjudication of a case. While we are of the opinion that defendant might have had the witness bills taxed as costs in less time than a year and a half after final decision, we are not prepared to say this is an unreasonable length of time." Moreover, if appellant felt that harm might result to him by delay in filing the witness bills—there

is no evidence that he suffered any harm by the delay—he could have had them taxed before he brought up his appeal to the Supreme Court of Pennsylvania. *Neel v. Neel,* 1 Grant 171, 172; *Stackhouse v. Lyon,* 17 Pa. Superior Ct. 397, 399; *Gibson v. Cummings,* 25 Pa. 231; 15 Standard Pa. Practice, Costs, § 109, p. 524.

Appellant's second contention is that defense witnesses subpoenaed by him precludes taxing as costs fees paid to such witnesses by appellee. There is no legal basis for appellant's assertion that he having also subpoenaed some defense witnesses fees paid to them by appellee cannot be allowed. *Guest v. Philadelphia Company,* 7 Pa. Superior Ct. 321, cited by appellant, is not in point. The witnesses in question were essential defense witnesses, and their fees were paid only by appellee. They all testified for appellee at the second trial; those present at the first trial were subpoenaed but did not testify for appellee as nonsuit was entered as to appellant. Appellant did not call any of these witnesses except two whom he called on cross-examination. Obviously, appellant recognized that they were defense witnesses, and it is difficult to understand how he could think otherwise.

Appellant questions whether fees can be charged for attendance of the witnesses on days other than those on which they actually testified. The Act of July 21, 1941, P. L. 425, 28 PS § 416.1 et seq., regulates payment of compensation to witnesses and the taxation thereof as costs. *Walker v. Pennsylvania Railroad Co.,* 151 Pa. Superior Ct. 80, 29 A. 2d 358. But the Act does not limit the payment of such fees to those days on which a witness actually testifies. It is sufficient that a witness's attendance or presence at the trial is necessary or required. In the present case this fact is supported by the evidence, and there is no error in such a finding. In fact, no witness fees were charged for at-

tendance of any witness after the day upon which he completed his testimony for the defense at the second trial. In this connection the court below in its opinion made this statement: "Whether the presence of these witnesses in court was necessary is a matter that rests primarily on the judgment of the attorneys who had the responsibility of representing the interests of defendant in this protracted litigation. In the absence of fraud or gross abuse of discretion, this court cannot say that the judgment of the attorneys for defendant was wrong. There is no testimony which would indicate that the presence of these witnesses in court was required by defendant merely to oppress plaintiff by running up a large bill for witness fees." At an early date, the Supreme Court, in *De Benneville v. De Benneville*, 3 Yeates 558 (1803), said: "A party must come armed at all points. He cannot know what matters will be conceded by his adversary, nor what all his witnesses will testify. The necessity of calling a witness is often superceded by what passes in court, of which it is impossible to form any judgment before hand." Furthermore, the taxation of costs particularly where the error alleged relates to the number of witnesses, the length of time they were in attendance, and the materiality of their testimony is committed to the discretion of the court below, and its discretion will not be reviewed on appeal in the absence of flagrant circumstances *(Miskey's Appeal,* supra, 1 Sadler 407, 408)' or of an error of law in the taxation *(Sivak Estate,* supra, 161 Pa. Superior Ct. 323, 328, 53 A. 2d 858, affirmed 359 Pa. 194, 58 A. 2d 456).

Appellant asserts in his brief that witnesses are not entitled to compensation to be taxed as costs when they were not subpoenaed although they testified at the trial, relying on section 1 of the Act of July 21, 1941, P.L. 425, 28 PS § 416.1. The items as taxed are

not without color of law.[2] Witness fees are authorized by law to be chargeable in a bill of costs, and the application of such a rule, if conceded, would depend here on matter of fact; and appellate review on the question of law would be founded on an exception properly taken. This question was not raised in or considered by the court below; it was not the subject of any exception to the prothonotary's order; and it has not been set forth in the statement of questions involved on this appeal. Having been raised for the first time in appellant's brief, this question will not be considered on appeal. *Mullooly v. Short,* 365 Pa. 141, 145, 74 A. 2d 136; *BAC Corporation v. Rosenberg,* 167 Pa. Superior Ct. 373, 376, 74 A. 2d 494.

Under the circumstances, it cannot be said that there was any abuse of judicial discretion by the court below or any manifest error of law which would justify a reversal of its action.

Appeal is dismissed.

---

[2] See *De Benneville v. De Benneville,* 1 Binn. 45, 46; *Capozzola & Kent v. D'Isidoro,* 29 North. 211, 213; *Walker v. Pennsylvania Railroad Co.,* 151 Pa. Superior Ct. 80, 85, 29 A. 2d 358.