## Barton v. Johnson, etc.

*Thomas C. Cochran, Jr.*, for exceptant.
*Roger B. Johnson*, contra.

ROWLEY, P. J., April 30, 1953.—This matter is before the court upon defendant's exceptions to the prothonotary's allowance of witness fee and mileage to plaintiff's witness, Frank Katz.

The witness Katz was an employe of plaintiff. He attended the suit, testified and was cross-examined. It is stipulated by opposing counsel that the usually traveled shortest route from Alexandria, Va., residence of witness, to Mercer and return is 600 miles.

Exceptant rests his complaint upon the fact that the witness was not subpoenaed. He cites the Act of July 21, 1941, P. L. 425, 28 PS §416.1, which defines a witness as follows:

"The word 'witness' as used in this Act means a witness subpoenaed to testify before (a) any court of record, or (b) any department, board, commission or legislative body of the state government or any municipality, or (c) any officer or committee of, or appointed by, any such court, department, board, commission or legislative body."

In Walter v. Pennsylvania Railroad Company, 151 Pa. Superior Ct. 80, the court declined to rule the question whether one who appears without subpoena but testifies is entitled to a witness fee to be taxed against the losing party.

In Fife v. The Great A. & P. Tea Company, 169 Pa. Superior Ct. 110, one question was whether a witness who testified but was not subpoenaed was entitled to have his fees taxed against the losing party. The court declined to decide the point but observed: "The items taxed are not without color of law."

We believe the instant question is simple of solution. The trial court has supervision of the taxation of costs. This affords the party liable for costs an opportunity to show that witnesses taxed did not attend or did not testify or were not material. We have no hesitation in holding that witnesses who attend, without subpoena, and testify are presumably material witnesses. The losing party may question that they were material and necessary and in that case the court, in a clear case, may decide that they were not material to the cause of the party who subpoenaed them. Subject to this qualification, a witness who appears and testifies earns the right to have his fee taxed as part of the costs.

Service of a subpoena by a party to a suit affords no assurance to the opposite party that the witness subpoenaed is material. If the witness attends but does not testify the opposite party may challenge the necessity of his attendance whether subpoenaed or not.

Consequently, the losing party is not prejudiced by failure of the prevailing party to cause a subpoena to be served upon the latter's witnesses.

For the reasons hereinbefore set forth, we enter the following

## Order

And now, April 30, 1953, this matter came on for argument upon defendant's exceptions to the costs as taxed by the prothonotary, and same was argued, whereupon after due consideration, it is ordered, adjudged and decreed that the exceptions be dismissed and that the costs as taxed by the prothonotary be approved.