## Richland Township School District Appeal

*Ernest F. Walker,* for exceptants.
*Frank P. Barnhart,* for auditors.

GRIFFITH, J., April 20, 1957.—This is an appeal by the Directors of the Richland Township School District from the action of the auditors in surcharging the school directors for the expenditure of certain funds in the construction of a parking lot without bids and without advertising. After a hearing before the court on appeal, the amount of the surcharge made by the auditors was reduced but a substantial surcharge against the school directors remained for which judgment was entered against them. After the adjudication, the auditors filed a witness bill to which the school directors filed exceptions in respect to four witnesses. At the hearing on the exceptions, the school directors withdrew their objections to the witness bills of three

of the four witnesses. They still maintain that the witness bill of Ralph Prough of Tampa, Fla., taxed for a mileage of 2,200 miles at five cents a mile and two days in court or a total of $116.50, should be disallowed.

In the year 1803 in the case of De Benneville v. De Benneville, 1 Binney 46, 3 Yeates 558, the Supreme Court said:

"In questions like the present, manifest *oppression* must be shown to justify the interposition of the court, and they will readily interfere in such instances. But a design to oppress will never be presumed."

In Fife v. Great A. & P. Tea Company, 169 Pa. Superior Ct. 110, 116, the court said: "Whether the presence of these witnesses in court was necessary is a matter that rests primarily on the judgment of the attorneys who had the responsibility of representing the interests of the defendant in this protracted litigation. In the absence of fraud or *gross abuse of discretion*, this court cannot say that the judgment of the attorneys for defendant was wrong."

In Cody v. Clelam and Drury, 1 Pa. C. C. 8, the court said: "A party cannot tax the fees of a witness who is *incompetent* to testify, or whose testimony is immaterial and irrelevant. (15 W. N.C. 403; 15 W. N.C. 126.)"

In Bank v. Wirebach, 2 Lanc. 274, 275, the court said: "On this point the Court deems that the appellant's argument is answered by saying that these witnesses could not testify in favor of the side which subpoenaed them, that the Court so decided at the trials, that everyone is presumed to know the law, and that the party ousted in a law suit is not compelled to pay witnesses who were *not competent* to testify for the successful party." (Italics supplied.)

In the present case, the witness, Ralph Prough, of Tampa, was called by the auditors as an expert wit-

ness to give his opinion as to the cost of removing the topsoil from an area approximately one acre in extent, filling the excavation with "red dog" and rolling this material so that it would form a satisfactory area for parking automobiles. The auditors attempted to qualify the witness as an expert but failed. He testified that the highest grade he had attained in school was the eighth grade which he failed to complete, that he is not a professional or registered engineer, that he was formerly a bulldozer operator but is now engaged in making repairs on machinery in Tampa. He conceded that he had merely worked on an hourly basis.

The following is an excerpt from his testimony on direct examination:

"Q. Well, Mr. Prough, can you tell the court anything else about your experience?

"A. Yes. I could tell the court if a person hired me to do a job that I would charge them the rate that's charged per hour for the machine. I mean I wouldn't charge them a different rate for the size of the machine. It don't take a lot of schooling for that."

On cross-examination the witness was asked whether he could compute the amount of cubic feet or cubic yards in a space 10 feet wide, 100 feet long and six inches deep. The witness's answer to this simple problem was: "Well, I'd just say I wouldn't be able to tell you."

Of course, there is no rule that prevents taxation of the witness bill of all expert witnesses who fail to qualify. Frequently the question of whether a particular witness is qualified to testify as an expert is a close one. In such cases, where the party calling the witness has made a proper investigation of his qualifications and has reasonable ground to believe that the witness is competent, his witness costs may be taxed even though the witness ultimately fails to qualify. In this case, the incompetence of the witness was so ob-

610

vious that, in our opinion, it was an abuse of discretion on the part of the auditors to call him to testify. Moreover, the fact that they called an expert witness from Florida, some 1,100 miles from the scene of the trial, when many engineers and qualified contractors were readily available in the vicinity smacks of oppression.

We, therefore, enter the following

### Decree

And now, April 20, 1957, at 9:30 a.m., after hearing, argument and upon due consideration, it is hereby ordered and decreed that the exceptions to the witness fees and mileage of the witness, Ralph Prough, are hereby sustained and the prothonotary is directed to reduce the amount of the auditors' bill for witness fees and costs by the amount of $116.50, the amount allocated to the witness, Ralph Prough.

### Exception

To all of which counsel for the auditors excepts and prays that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.