## Rothwell v. Philadelphia Transportation Company

*Stephen G. Fox*, for plaintiff.

*John J. Baulis*, for defendant.

CORTESE, Prothonotary, August 1, 1972.—

## TAXATION TO BILL OF COSTS

This bill of costs, totaling $70.97, was filed by defendant Quirk and is excepted to by plaintiff, who was not represented at hearing, on five grounds.

1. Defendant Quirk is not entitled to costs because the arbitrators made no finding with respect to her.

Prothonotary's jurisdiction as to a bill of costs extends only to determining the propriety and amounts of the items claimed. Questions of liability must be settled by the court on petition and rule: Delaware County Mortgage and Finance Co., Inc. v. Delaware County Board of Commissioners, 79 D. & C. 110 (1951), affirmed without reference to costs: 168 Pa. Superior Ct. 143. Exception dismissed.

2. The bill of costs was not timely filed. Philadelphia Rule, C.P. *308(b) requires it to be filed "within four days after the . . . trial . . ." In this case "Trial" is date of filing of arbitrators' award, which docket shows to be March 23, 1972. Since bill of costs was filed next day, exception is dismissed.

3 and 4. The items for "Witness fee $35.00" and "Mileage for witness $1.47" do not include the de-

tails required by Philadelphia Rule, C.P. *308(a) to enable us to determine the propriety of the amounts. Exception sustained.

5. The "jury trial" fee of $29 is not taxable in a bill of costs. This is a record cost in filing of certificate of readiness. It need not be included in the bill of costs, but will be included in this adjudication to prevent double payment. Exception dismissed.

Costs are accordingly taxed in favor of defendant and against plaintiff in the reduced amount of $34.50.

## SUPPLEMENTAL ADJUDICATION RE TAXATION TO BILL OF COSTS

CORTESE, Prothonotary, August 23, 1972.—Since filing of the original adjudication, defendant's counsel has called our attention to our failure to adjudicate his objection, made at the hearing, that plaintiff's exceptions were filed more than four days after service of the bill of costs, and should, therefore, be disallowed in entirety under Philadelphia Rule, C.P. *308(c).

Philadelphia Rule, C.P. *308(a) sets forth formal requirements of a bill of costs as to witness fees and mileage and nothing else. It follows that C.P. *308(b), which limits filing of a bill of costs to four days after trial, and C.P. *308(c), which limits filing of exceptions thereto to four days after service of the bill, must both be taken as applying only to claims for witness fees and mileage. As to all other items of claim, a bill of costs and exceptions to the bill must be regarded as timely if filed within a time period that is reasonable under the circumstances without strict limitation to four days: Fife v. The Great A. & P. Tea Co., 169 Pa. Superior Ct. 110.

In this case, defendant filed his bill of costs on March 24, 1972, and plaintiff filed his exceptions on June 13, 1972, less than three months later. Date of service of

the bill on plaintiff is not shown, but obviously was later than the filing. Under the circumstances, we cannot hold this to be an unreasonable delay by plaintiff in filing his exceptions, and the only witness fee involved we have already disallowed on other grounds.