## In Re Harting

*Parker and Sheidy,* for exceptants.
*Joel C. Meredith,* contra.

BUCHER, *J.,* October 26, 1976—This is a child custody case in which exceptions have been filed by petitioner to a bill of costs filed by respondent. The order granting custody to respondent imposed costs on petitioner.

The only issue raised in petitioner's brief is whether witness fees are taxable when the witness has not been subpoenaed but nevertheless is in attendance and testifies.

Petitioner relies on the Act of July 21, 1941, P. L. 425, 28 P. S. §416.1, which provides in section 8 that "[a]ll compensation properly paid in accordance with the provisions of this act to witnesses in any proceeding shall be taxable as costs therein", and section 1 which defines "witness" as a "witness subpoenaed to testify . . ."

The question before the court has not been precisely ruled on by any of our appellate courts.

In Segmiller's Estate, 49 D. & C. 105 (1943), the court allowed witness fees for a witness not subpoenaed but who attended and testified.

In Capozzola & Kent v. D'Isidoro, 29 Northamp. 211 (1944), it was said that "the general rule as to costs is that a witness is entitled to fees allowed by law if he attends and is examined without having been subpoenaed, or if he is subpoenaed and attends without being examined." Capozzola was cited in a footnote in Fife v. The Great A. & P. Tea Company, 169 Pa. Superior Ct. 110, 82 A.2d 271 (1951).

In Walker v. Pennsylvania Railroad Company, 151 Pa. Superior Ct. 80, 29 A.2d 358 (1942), the court declined to pass on the question of whether a witness who voluntarily appears, without subpoena, and testifies is entitled to witness fees. Walker simply disallows witness fees where the witness is voluntarily in court, not subpoenaed and not called.

In 5 Standard Pa. Pract. §83, 248, it is said that: "A witness who attends court and testifies, although not in response to a subpoena, may nevertheless be entitled to a witness fee."

In Barton v. Johnson, 85 D. & C. 363 (1953), witness fees were allowed material witnesses who testified without having been subpoenaed. The

court said: "We believe the instant question is simple of solution. The trial court has supervision of the taxation of costs. This affords the party liable for costs an opportunity to show that witnesses taxed did not attend or did not testify or were not material. We have no hesitation in holding that witnesses who attend, without subpoena, and testify are presumably material witnesses."

The witnesses who appear on the amended bill of costs were present, testified and their testimony was material.

Accordingly, we enter the following

### ORDER

And now, October 26, 1976, for the foregoing reasons the exceptions to respondent's bill of costs are overruled and dismissed and costs on the amended bill of costs are allowed.