## Maus *against* Maus.

Upon a *scire facias* to revive a judgment, with notice to several terre-tenants, a several issue was joined between the plaintiff and each terre-tenant, and a verdict and judgment were rendered against some of the terre-tenants and in favour of others: *Held,* that they in whose favour the verdict and judgment were rendered, were not entitled to recover their costs from the plaintiff.

ERROR to the common pleas of *Northumberland* county.

Lewis Maus issued a *scire facias* to revive a judgment against Wm Montgomery, administrator of Philip Maus, deceased, with notice to Joseph Maus, Lewis Maus, Elizabeth Maus, and Philip Strawbridge; each defendant pleaded separately to issue, and a verdict was rendered for the plaintiff for 370 dollars 91 cents, to be levied of the land of Elizabeth Maus, and the jury found for the

[Maus v. Maus.]

defendants Joseph Maus and Philip Strawbridge. Whereupon a judgment was rendered. On motion the court allowed the bills of costs of the defendants Joseph Maus and Philip Strawbridge to be recovered from the plaintiff, and an execution was issued therefor.

*Greenough*, for plaintiff in error, cited 2 *Com. Dig.* 249, *tit. Costs;* 5 *Watts* 315.

*Frick* and *Bellas*, for plaintiff in error, cited 2 *Arch. Prac.* 287; 8 *Taunt.* 129.

The opinion of the court was delivered by

KENNEDY, J.—This was a *scire facias post annum et diem*, sued out upon a judgment at the suit of Lewis Maus against William Montgomery, administrator of Philip Maus, deceased, with notice to Joseph Maus, Elizabeth Maus and Philip Strawbridge, as terre-tenants. The administrator pleaded payment, with leave, &c. The terre-tenants severally pleaded specially;—first, that the several tracts of land, occupied and possessed by them, were not bound by the judgment; because, at the time of its rendition, the said several tracts of land, were severally and respectively held by them in fee, discharged from all lien, on account of the debt therein mentioned, and said to be owing by the intestate to the plaintiff. Secondly, that the intestate in his lifetime conveyed certain land to the plaintiff, in satisfaction of the debt mentioned in the judgment. And thirdly, that the obligation upon which the judgment was obtained, was given voluntarily and without any consideration by the intestate, in his lifetime, to the plaintiff. 5 *Watts* 315, where these pleas are set out at length. On the trial the jury found a verdict in favour of the plaintiff, for 370 dollars and 91 cents, to be levied of the lands of George Maus, in the possession of Elizabeth Maus, and as to Joseph Maus and Philip Strawbridge, the other terre-tenants, the jury found in their favour. The court rendered judgment upon the verdict for the plaintiff. Joseph Maus and Philip Strawbridge, claimed to have their bills of costs paid by the plaintiff, Lewis Maus, on the ground that the jury had given a verdict in their favour; and in order to obtain payment of the same, made application to the court for a rule against the plaintiff, to show cause, why their bills of costs should not be allowed; which rule was accordingly granted, and afterwards made absolute by the court. In this the plaintiff alleges that the court below erred. At common law no final costs were recoverable by either the plaintiff or the defendant. 2 *Inst.* 288; *Hardr.* 152; 2 *Tid. Pract.* 864. The statute of *Gloucester*, 6 *Ed.* 1, *c.* 1, *sect.* 2, first gave plaintiffs a right to recover costs in all cases where they were entitled to recover damages. But this statute only extended the right of recovering costs to plaintiffs. And in no case did a defendant acquire this right, excepting in a writ of right

[Maus v. Maus.]

of *ward*, writ of *error*, and writ of *replevin*, until the passage of the statute of 23 *Hen.* 8, *chap.* 15, *sect.* 1; whereby it was enacted that, "in trespass upon the statute, 5 *Rich.* 2, debt, covenant, detinue, account, trespass on the case, or upon any statute for an offence or wrong personal, immediately supposed to be done to the plaintiff, if the plaintiff, after the appearance of the defendant, be nonsuited, or a verdict pass against him, the defendant shall have judgment to recover his costs against the plaintiff, to be assessed and taxed by the direction of the judge or judges of the court, where such action shall be commenced or sued, and shall have such process and execution for the recovery of the same, against the plaintiff, as the plaintiff should or might have had against the defendant, in case judgment had been given for the plaintiff." And subsequently other statutes were passed, extending the right of defendants to recover costs, to other cases; but until the passage of the statute of 8 and 9 *Wm* 3, *chap.* 11, if one of several defendants had been *acquitted*, he was not entitled to his costs; the courts construing the former acts to relate only to the case of a total acquittal of all the defendants. Dibben *v.* Cooke, 2 *Strange* 1005–6; Queen *v.* Danvers, 1 *Salk.* 194; 2 *Tidd's Pract.* 900. This statute, however, as may be seen by the first section, only extends to cases of trespass, assault, false imprisonment, or *ejectione firmæ*, where several persons were made defendants, and enacts that, where any *one or more of them* shall be, upon the trial thereof, *acquitted by verdict, every person* so acquitted, shall recover his costs of suit, in like manner as if the verdict had been given against the plaintiff, and acquitted all the defendants. Being thus confined in its terms, to these particular actions, it was held not to extend to actions of trespass upon the case, including trover; 2 *Strange* 1005; 1 *Barnes* 139; nor to replevin, 3 *Burr.* 1284; or to debt on bond against executors, where one was acquitted on the plea of *plene administravit preter*, 2 *Tidd's Pract.* 901. And it is perfectly clear, that it does not embrace the case before us, which is a writ of *scire facias.* And indeed it does not appear, that either plaintiff or defendant was entitled to recover costs in such writ, until this last act came into operation. 1 *Stran.* 188; 3 *East* 202. But by the third section of this act, it is enacted, *inter alia*, that "in all suits upon any writ or writs of *scire facias*, and suits upon prohibitions, the plaintiff obtaining judgment, or any award of execution after plea pleaded, or demurrer joined therein, shall likewise recover his costs of suit; and if the plaintiff shall become nonsuited, or suffer a discontinuance, or a verdict shall pass against him, the defendant shall recover his costs, and have execution for the same in like manner as aforesaid." But then according to the rule of construction, which governed the statute of 23 *Hen.* 6, *chap.* 15, as also the prior statutes giving costs to defendants, the provision of this third section can only be considered as extending to cases in favor of defendants, where there is a total acquittal of them all. Besides, this would appear also to have been what the

[Maus v. Maus.]

legislature intended, otherwise they would have used language similar to that employed in the first section of the act.   There is no other English statute in force here, giving costs to defendants in suits of *scire facias;* and having none of our own, it necessarily follows, that the defendants or terre-tenants, Joseph Maus and Philip Strawbridge, are not entitled to recover costs in this case. The judgment and order of the court below, allowing them costs, and likewise the execution issued therefor, are reversed.

Judgment reversed.