*Lamberton, Alricks, and Alleman, for plaintiff.*

*Kunkel, for defendant.*

---

*Court of Common Pleas, Dauphin County, May 1st, 1868.*

IN RE SHICK'S BILL OF COSTS.

In a statutory proceeding, as in the assessment of damages by viewers, for lands taken by a railroad company, the right to costs depends altogether upon the wording of the act of Assembly providing for such proceeding; therefore, when the act provided, "and if any damages be awarded and the report be confirmed by said court, judgment shall be entered thereon, and if the amount thereof be not paid, execution may issue thereon, as in other cases of debt, for the sum awarded, and the costs and expenses incurred shall be defrayed by the said railroad company," no costs will be allowed to the owner of lands taken *unless damages are awarded and the report confirmed.*

BY THE COURT.—The Pennsylvania Railroad Company entered upon the property of John M. Shick, within the city of Harrisburg, claiming to take the same for the use of the company, under the provisions of its charter.   A bond had been tendered and filed, conditioned to pay all damages, as required by law, and the company presented its petition, had viewers appointed, and the damages assessed, from which assessment Shick appealed to court, and also filed exceptions to the proceedings of the viewers and the sufficiency of the order under which they were appointed. On hearing, the court set aside the report of the viewers on the ground that the order under which they acted was defective, consequently that the viewers had omitted to pass upon the most important rights of the parties.   Shick now files a bill of costs for witnesses subpoenaed and examined by him before the viewers, and asks us for an attachment against the company to compel its payment.   Is he entitled to recover costs?

This is a statutory proceeding, contrary to the course of the com-

[In re Shick's Bill of Costs.]

mon law, and costs can only be allowed when they come within the provisions of the acts of Assembly.

The act of the 13th of April, 1846, under which this company was incorporated, and its supplement, passed the 27th March, 1848, have adopted similar provisions, and in identical words, on this subject; after directing the method of appointing viewers, the latter law provides, "and if any damages be awarded, and the report be confirmed by said court, judgment shall be entered thereon, and if the amount thereof be not paid, execution may issue thereon, as in other cases of debt, for the sum awarded, and the costs and expenses incurred shall be defrayed by said railroad company." This is also the language adopted by the general railroad law of 1849. What is the proper construction of the statute? To oblige the company to pay costs and expenses, *damages must be awarded and the report of the viewers confirmed by the court*, when it becomes its duty to enter judgment. Without an award of damages, and that confirmed, the provision of the statute giving costs and expenses against the company does not come in force. Under the statute either party may petition to have the damages assessed; and where the owner of the property presents the petition, and the viewers determine that he has sustained no damage, it can scarcely be pretended that the company would have to pay the costs and expenses, yet the words of the statute apply to that, as well as the case of the company becoming petitioner. All of our acts of Assembly, so far as I have observed, including the thirteenth section of the act of July 16th, 1842, relating to canals and railroads, make the payment of costs depend on the assessment of damages and the approval of the finding. As we interpret the charter law of this company, where it takes possession of property for the use of the road, under the power conferred, having given bond as required by law, it may rest on such appropriation, and permit the holder to become the actor by presenting a petition for the appointment of viewers; should they determine that the owner of the property had been uninjured or that the benefits were equal to the injury, and award no damages, the petitioner must be at the expense of the proceeding. If the company, being desirous of seeing how much it must pay for its privileges, presents its petition, and the viewers report that there has been no damage sustained, the company would have to meet the expenses of the view incurred by its own action; but in neither of the cases mentioned would the party acting on the defence be entitled to recover any costs, because there is no provision in the statute giving it. The only case provided for is where *damages are awarded and the report confirmed*. In the case under consideration, damages were awarded and the railroad company desired to have the report confirmed, in which case it would have been obliged to pay the costs and expenses incurred by the owner of

[In re Shick's Bill of Costs.]

the property in attending on the view, but Shick filed exceptions to the action of the viewers, and the report was set aside by the court. Not being "confirmed," the statute does not give costs, which follow the assessment and confirmation of damages.

The principle here stated is by no means singular; there are very many cases where equal hardships exist; a party brings a suit in court and his adversary incurs great expense in showing, by witnesses, that the court has not jurisdiction, which is established, yet the defendant can recover no costs, for the rule is, we believe, universal, that where there is no jurisdiction costs are not allowed. Or again, the plaintiff has a verdict in his favor and the judgment is arrested; the defendant cannot recover costs (Cowper, 407; Gilbert's C. P. 272). In *quo warranto*, where there is no relator, the defendant, though ousted, cannot be ordered to pay costs (3 S. & R. 52). One of several *terre tenants*, having a verdict in his favor, cannot recover costs (10 Watts, 87). In claims for road damages, either party may properly call witnesses to enlighten the viewers on the subject, yet it cannot be pretended that the cost of those witnesses could be taxed and the adversary obliged to pay them. Indeed, costs were, by the common law, not given to either party, and a plaintiff first recovered them under the statute of 6 Ed. I, cap. 1, and for several centuries thereafter a defendant could recover no costs until given in a few enumerated cases under the two statutes of Henry VIII, and afterwards extended by 4 James I, cap. 3, made general by 8 and 9 William III, cap. 12; all of which laws have been extended to Pennsylvania. In the case under consideration, neither party can be called plaintiff or defendant, but the railroad company, being the actor, stands in the light of plaintiff, and must pay the costs incurred, except those claimed by Shick for his witnesses, subpœnaing them, and which embraces the whole bill, all of which is disallowed on the principles indicated.

*Lamberton, Alricks, and Alleman, for plaintiff.*

*Kunkel, for defendant.*