# Ford, Appellant, *v.* Neely.

*Husband and wife—Action against—Trespass by husband—Costs.*

1. In an action of assumpsit against a husband and wife to recover for the plaintiff's share of hay produced on land owned in common by the plaintiff and the woman defendant, no recovery can be had against the latter, where it appears that her husband cut and removed the hay, and that the wife was no party to it, had no knowledge of it and had never assumed to pay for the hay thus cut.

2. In such a case where there was an award by arbitrators against both defendants, and an appeal to the common pleas is taken from the award by the wife only, and a jury is sworn as to the wife only, the plaintiff cannot after a verdict and judgment for the wife claim that the latter should pay the costs of the suit.

Argued April 21, 1915. Appeal, No. 48, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, No. 599, on verdict for plaintiff in case of Mary Ann Ford v. Milton Neely and Emma Neely, his wife. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover for plaintiff's interest in certain hay alleged to have been cut on a farm in which plaintiff and Emma Neely had an ownership in common, subject to the dower rights of Katie Jones. Before HAYMAKER, J.

From the record it appeared that the case had been submitted to arbitrators who found an award against both defendants. Emma Neely appealed and the jury was sworn as to her alone.

The jury returned a verdict for plaintiff, but subsequently the court entered judgment for defendant n. o. v. HAYMAKER, J., filing the following opinion:

This is an action in assumpsit brought against the defendants jointly to recover plaintiff's interest or share in certain hay cut by the defendants from a farm of which the plaintiff, Emma Neely, one of the defendants, and Katie Jones were cotenants. The case was submitted to arbitrators, who found an award against the defendants for $35.00. An appeal from that award was taken by Emma Neely only. When the case came on for trial the jury was sworn as to Emma Neely alone. The evidence showed that the hay was cut and sold by Milton Neely. On the conclusion of the plaintiff's case defendant moved for judgment of compulsory nonsuit, on the ground, inter alia, that there was no evidence of a joint contract between the defendants, or that Emma Neely was a party to the cutting or harvesting of the hay. We submitted the case to the jury to determine, from the evidence and circumstances, whether it could reasonably be inferred that Mrs. Neely was a party, with her husband, to the cutting, harvesting or sale of the hay. Since the arguing of this motion we have carefully read all the testimony, and are unable to discover wherein Mrs. Neely had the slightest participation in the matters alleged in plaintiff's statement, or in the facts as disclosed by the evidence. If Mrs. Neely is liable her liability could be based only on the

654        FORD, Appellant, *v.* NEELY.

Opinion of Court below—Opinion of the Court.   [59 Pa. Superior Ct.

ground that she was the wife of the other defendant, had an equal interest in the produce from the farm, and from her relation as wife must have known, and consented to what her husband had done.   There is no evidence that she had any knowledge on the subject, even if that were sufficient, and how could it be said that she assumed to pay for the plaintiff's share of the hay, merely because she was the wife of him who cut and harvested it?   In this action Mrs. Neely could not be held on the theory that her husband was acting as her agent.   We have examined the cases cited in plaintiff's brief and fail to see their application to the questions here.   Those cases all relate to the liability of a husband for rents, issues and profits arising from the wife's property.   We are obliged to sustain the motion, and judgment is now entered for the defendant, Emma Neely, non obstante veredicto.

The court subsequently discharged a rule taken by the plaintiff to show cause why the judgment for costs entered against her should not be stricken from the record.

*Errors assigned* were in sustaining defendant's motion for judgment n. o. v., and discharging the rule relating to the costs.

*John E. Winner*, with him *John D. Brown*, for appellant.

*George H. Quaill*, for appellee.

PER CURIAM, May 14, 1915:

For a statement of this case we refer to the opinion of Judge HAYMAKER, who presided at the trial.   For the reasons given by him, the first, second and fourth assignments of error are overruled.   The third assignment of error relates to the right of Emma - Neely to recover costs.   Until the statute of 8 and 9 Wm. 3, chap. 11, if one

of several defendants was acquitted, he was not entitled to costs, the courts of England construing the prior acts to relate only to the case of a total acquittal of all the defendants: Maus v. Maus, 10 Watts, 87. But as pointed out by Justice KENNEDY in that case, the statute enacted that in cases of trespass, assault, false imprisonment or ejectio firmæ, where several persons were made defendants and one or more of them should be acquitted by verdict, every person so acquitted should recover his costs. As disclosed by the evidence in this case, the cause of action sued on was the trespass of Milton Neely, in which Emma Neely was in no wise a participant. The case is within the spirit, if not the strict letter of the enactment, notwithstanding the plaintiff elected to sue in assumpsit. The courts of this state do not proceed upon the motion that statutes giving costs are penal statutes to be strictly construed, "but have adopted the more wise and just policy that they ought to be largely and liberally interpreted so as to do complete justice by compensating parties, who have been obliged to incur necessary expenses, either in prosecuting just and lawful claims, or in defending themselves against unjust and unlawful ones:" Steele v. Lineberger, 72 Pa. 239. This, said Justice SHARSWOOD, is seen by the whole current of our decisions, and is the true spirit of the legislation of this state. Applying the principle recognized in that and other cases, and bearing in mind that the issue tried by the jury was simply between Mary Ann Ford and Emma Neely, and, having regard to the substantial cause of action, we conclude that the court committed no error in holding that Emma Neely was entitled to recover her costs.

The assignments of error are overruled, and the judgment is affirmed.