Finn, Iffland & Co., v. Sobel et al., Appellant.

Argued October 4, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Oscar Rosenbaum,* for appellant. Cited: McLean v. McCaffrey et al. 16 Phila. 35.

*Matthew L. Barrett, Jr.,* for appellee.

Opinion by Baldrige, J., December 16, 1932:

Sobel and Corson were tenants of the Friendship Building and Loan Association. They became in arrears in rent, and, through a constable, the landlord distrained upon the goods and chattels found upon the demised premises. They defaulted, also, in their payments to Finn, Iffland and Company, appellee, under a conditional sales contract, for certain goods included in this distraint. The appellee instituted an action of replevin to recover these goods. The Friendship Building and Loan Association, the landlord, was permitted to intervene as a party defendant in this re-

plevin action, which resulted in a judgment in favor of the association in the sum of $800. In the course of that trial, the association attempted to offer in evidence costs incurred by the constable in making the levy in the distraint proceedings. The trial judge ruled that they were not recoverable in that action. After judgment was entered, writs of fieri facias and attachment execution were issued, and the costs taxed therein included the constable charges of $238.80 in the distraint proceedings, which, under the constable's testimony, comprised "$2 for the levy costs, .50 for itemizing, 3%, .40, 5% commission on the lease." This appellee thereupon obtained a rule on the appellant to show cause why that amount in the bill of costs should not be stricken off, which rule was subsequently made absolute; and this appeal followed.

At common law, no costs were allowed, but the general rule now is that in an action at law, the costs follow the judgment. But these costs, as already stated, were not incurred in the replevin proceedings, and if Finn, Iffland and Company is liable therefor in the replevin proceedings, it must be under statutory authority.

The appellant relies upon the Act of March 21, 1772, 1 Sm. L. 370, which provides: "That from and after the publication of this act, where any goods and chattels shall be distrained for any rent reserved and due," etc. It is apparent from the act that it relates to costs recoverable against a defendant tenant. It applies to landlord and tenant proceedings, but does not include cases of replevin where the goods are sold by a third party to a tenant under a conditional sales contract and the title thereto claimed by a landlord under distraint proceedings.

The appellant contends further that the appellee allowed 5½ months to intervene after the bill of costs was filed, and, therefore, under a rule of court of

common pleas, is now too late to have it disallowed. The rule invoked is 147, which provides: "The party upon whom a bill of costs has been served, may within four days thereafter file exceptions thereto, and require that it be taxed by the prothonotary. A failure to file exceptions, and serve a copy thereof upon the adverse party within the four days, shall be deemed a waiver of all objections to the bill filed." That rule must be read in connection with rule 145 which deals with bills of costs for attendance of witnesses at court, and not to constable charges. The latter comes under rule 148, which provides: "Any party intending to tax costs shall give to the prothonotary and the adverse party forty-eight hours' notice of the time and place for such taxation. The time therefor shall be between two and three o'clock P. M." While it is alleged that rule 147 was not complied with, there is no contention that notice of the time and place of the taxing of this bill of costs was in accord with rule 148.

We find nothing in the record which precluded the appellee from raising the question of the illegality of these costs, and are in entire accord with the ruling of the lower court that these costs are not recoverable against the appellee.

The order of the court is affirmed.