## Addison Borough School District v. Commonwealth

*Paul E. C. Fike*, for plaintiff.

*C. L. Shaver*, for defendant.

BOOSE, P. J., May 28, 1941.—Upon the trial of the appeal taken by defendant from the award of the board of viewers appointed to view the premises and assess the

damages sustained by plaintiff by reason of the appropriation of a portion of plaintiff's school property, in the relocation and reconstruction of State Highway Route no. 50, plaintiff recovered a verdict for $3,666. Defendant's motion for a new trial was subsequently refused. The case is now before the court upon plaintiff's petition for a rule upon defendant to show cause why the costs, including the prothonotary's fees, jury fee and plaintiff's witness bill, should not follow the verdict and be taxed as costs in the case, under the provisions of the Act of June 21, 1939, P. L. 651. In response to the rule awarded thereon, defendant has filed an answer, denying liability of the Commonwealth for the payment of costs, for the reasons therein set forth.

The said State highway was relocated and reconstructed by the Secretary of Highways, with the approval of the Governor but without the consent of the county commissioners (who, by a resolution duly adopted, refused to assume liability for the property damages, but agreed to make a contribution of a certain sum toward the cost thereof), under the authority conferred by the Act of June 23, 1931, P. L. 920, amended by the Act of June 1, 1933, P. L. 1412, and further amended by the Act of May 21, 1937, P. L. 757, imposing liability for the payment of damages upon the Commonwealth, payable out of the moneys in the Motor License Fund. Said act, as amended, provides that the Secretary of Highways shall, when possible, enter into an agreement with the owner or owners of property appropriated as to the amount of damages to be paid therefor, and if such agreement cannot be made, the owner or owners of said property damaged thereby or the Commonwealth may present their or its petition for the appointment of viewers to ascertain and assess such damages, in the same manner and with the same right of appeal to the owner or owners and to the Commonwealth as therein provided in cases where the county agreed to such change; but makes no provision

for the payment of the costs of the view, or the trial of an appeal from the award of the viewers, by the Commonwealth. The question presented for determination is, whether the defendant Commonwealth is liable for the payment of the costs incident to the trial of the appeal from the award of the board of viewers?

At common law, costs were unknown and were not recoverable by either party to the action. Costs are exclusively a creation of statute. In the absence of a statute imposing liability upon the Commonwealth for the payment of costs, no such liability exists. As early as 1819, in Commonwealth v. Johnson, 5 S. & R. 195, it was held that the Commonwealth neither pays nor receives costs, unless specially directed by act of assembly. Many cases might be cited in support of this principle: Commonwealth ex rel. v. Commissioners of the County of Philadelphia, 8 S. & R. 151; Gettysburg Memorial Assn. v. Sherfy, 117 Pa. 256; Dollman v. Allegheny County, 12 Dist. R. 535; In re Koch, 26 D. & C. 38. Unless there is some statute directly imposing costs upon the Commonwealth when it has exercised the right of domain, no costs are recoverable: Puloka v. Commonwealth et al., 28 D. & C. 367, and cases therein cited. It is a general and well-established rule, apart from statute, that costs are not recoverable from a State, in her own courts, whether she has brought suit as plaintiff or has properly been sued as defendant; or whether she is successful or defeated: 59 C. J. 332, §503. Plaintiff's solicitor cites and invokes the Act of June 21, 1939, P. L. 651, as authority for the imposition of the costs in question upon the Commonwealth, which provides:

"In all matters, proceedings, and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing, and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the court hearing such proceedings to make such orders rela-

tive to the payment of the necessary costs incurred as to the court shall appear right and just."

No case has been cited, nor have we been able to find any, construing said act; and, while the language thereof is very general and comprehensive, it may be doubted whether it is sufficiently explicit to warrant the imposition of costs upon the Commonwealth. Where the rights of the Commonwealth are to be affected the intention must be plainly expressed or necessarily implied: Baker et al. v. Kirshnek et al., 317 Pa. 225; Commonwealth v. Trunk et al., 320 Pa. 270. The State and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication: 59 C. J. 1103, §653. Contrary to the weight of authority, the rule in Pennsylvania is that statutes relating to costs should be liberally construed. Our courts have adopted the policy that such statutes ought to be largely and liberally interpreted so as to do complete justice by compensating parties who have been obliged to incur necessary expenses in prosecuting just and lawful claims, or in defending against unjust and unlawful ones: Steele v. Lineberger et al., 72 Pa. 239; Ford v. Neely, 59 Pa. Superior Ct. 652.

It will be observed that the above-quoted act applies to all matters, proceedings, and hearings relating to the exercise of the right of eminent domain, regardless of the party exercising such authority. The power of eminent domain is an incident of sovereignty; and may be exercised by the Commonwealth in her sovereign right, or may be delegated to the subdivisions thereof, such as counties, cities, boroughs, and school districts, or to public utility corporations rendering services to the public. With the development, expansion, and improvement of our State highway system, the exercise of the power of eminent domain by the Commonwealth herself is becoming more frequent; and the legislature, in investing the

court with wide and sound discretionary powers relative to the payment of the necessary costs thus incurred, probably intended by necessary implication to include the Commonwealth when a party to such proceeding. Following the adopted policy of liberal construction of statutes relating to costs, any doubt entertained as to the applicability of said statute to the present case will be resolved in favor of plaintiff which petitioned for the appointment of viewers to ascertain and assess the damages which it had sustained by reason of the exercise of the power of eminent domain by the Commonwealth, and was willing to abide by the award of the viewers. The Commonwealth, being dissatisfied therewith, took this appeal, and the costs in question were incurred as the result thereof. It is true that the Commonwealth succeeded in substantially reducing the amount of the award upon the trial of the appeal, but no meritorious reason has been shown why the costs should not follow the verdict and be taxed as costs in the case. It is conceivable that a case might arise where the court, in the exercise of sound discretion, would be warranted in refusing to tax the costs incurred in the trial of the appeal against the condemning body, as where the property owner makes a grossly excessive or exorbitant demand for the damages sustained, or where he appeals from the award of the viewers, and recovers a verdict for a less amount than awarded by the viewers. In such case, the court might be justified in refusing to make an order taxing any costs in favor of plaintiff, or even in taxing costs against plaintiff in a proper case. If we are in error in this construction and interpretation of the statute, it can and should be corrected by appeal to the proper appellate court.

### Order

Now, May 28, 1941, it is ordered and directed that the costs in question shall be taxed and be paid by defendant as part of the costs in the case.