De Fulvio *v.* Holst, Appellant.

Submitted September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas B. Rutter*, for appellant.

*Jeffrey M. Stopford,* and *Beasley, Hewson, Casey, Kraft & Colleran,* for appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

Appeal is taken from the following Orders entered upon plaintiff's Motion following declaration of mistrial:

*Order sur Motion to Seal Notes of Testimony*

AND NOW, this 6th day of January, 1975, after argument before the Court en Banc consisting of Frederick B. Smillie, J., A. Benjamin Scirica, J., and

Joseph H. Stanziani, J., the Motion to Seal Notes of Testimony is allowed and the Notes of Testimony taken from September 15 through September 21, 1972 are hereby sealed and access denied until after trial.

By the Court,
/s/ Frederick B. SMILLIE, J.

*Order sur Plaintiff's Motion to Hold Witness in Contempt*

AND NOW, this 6th day of January, 1975, after argument before the Court en Banc consisting of Frederick B. Smillie, J., A. Benjamin Scirica, J., and Joseph H. Stanziani, J., Plaintiff's Motion to Hold Witness in Contempt is refused, although there is no question that defendant was in contempt of a Court direction and caused loss of money and time to the plaintiff by her conduct, and, for that reason, defendant is ordered to pay to counsel for the plaintiff his actual out of pocket expenses because of defendant's deliberate creation of a mistrial.

By the Court,
/s/ Frederick B. SMILLIE, J.

The action referred to in the latter order was an answer by defendant, on direct examination, wherein she went outside the scope of the question and referred to a medical condition of a fellow practitioner in the community, who was also plaintiff's primary physician and a witness in court. Counsel had been instructed not to bring out this matter, although defense counsel objected to the lower court's ruling. The record is silent as to any instructions given by counsel to the defendant herself. Further attention to the reason for the mistrial is not necessary because its propriety is not an issue in this appeal.

It is axiomatic that the conduct of a trial is the province of the judge. His discretion, exercised without abuse, must control. Following the granting of a mistrial, the judge in this case was asked to seal the notes of

testimony so that the subsequent trial would proceed *de novo* and so that neither party at re-trial could benefit from the strategy and development of testimony during the first trial. This reasoning is sound and the Order sealing testimony was proper and within the lower court's exercise of discretion.

It is a general rule in our judicial system, stemming from the Statute of Gloucester, 6 Edw. 1, c.1 (1275), that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party. These are the costs of proceeding in court, not those of preparation, consultation, and fees generally. See *Richmond v. PH EAA*, 6 Pa. Commonwealth Ct. 612, 297 A.2d 544 (1972). Reciting that "at common law, no costs were allowed, but the general rule now is that in an action at law, the costs follow the judgment," *Finn, Iffland & Co. v. Sobel*, 107 Pa. Superior Ct. 81, 83, 163 A. 331 (1932), our Court went on to point out that costs not incurred in the court action are recoverable only by statutory authority, and then only by the proper procedure of filing and serving a bill of costs to which the opposing party may file exceptions. While cases are legion which cite statutory authority for awarding of collateral costs - e.g., *Estate of Cooper*, 97 Pa. Superior Ct. 277, 279 (1929), relying upon the Orphans' Court Partition Act; *Fife v. A. & P. Tea Co.*, 169 Pa. Superior Ct. 110, 115, 82 A.2d 271 (1951), relying upon an Act of 1941 (28 P.S. §416.1) dealing with costs of witness' fees; and *In re Shick's Bill of Costs*, 1 Pears. 266 (Dauphin County, 1868), relying upon an Act of 1846 dealing with exercise of eminent domain by the Pennsylvania Railroad Co. - we have found no statutory authority for the award of other than specified costs in an action in trespass, as here.[1] *Dornon v. McCarthy*, 205

---

1. It is noted that cases in equity are exceptions to the general rule of costs following judgment, as well as the statutory allowance of award of collateral costs. "In equity, costs do not always follow a decree; they rest on the sound discretion of the court, and are to be awarded or refused according to the justice of each particular case

Pa. Superior Ct. 552, 211 A.2d 28 (1965), detailed assessment of certain collateral costs at the appellate level pursuant to stated statutes. See 12 P.S. §§1193 *et seq.* This is not applicable to the instant case. The law in the Commonwealth is clear insofar as court costs following a judgment. The law is likewise clear that assessment of other costs is by statutory allowance only, and then according to court procedural rules and subject to judicial discretion. See also *Walker v. Pennsylvania Railroad Co.*, 151 Pa. Superior Ct. 80, 29 A.2d 358 (1942); *Morganroth's Election Contest Case*, 346 Pa. 327, 29 A.2d 502 (1943); and *Smith v. Equitable Trust Co.*, 215 Pa. 413 (1906), which went further in saying that "over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same (citation omitted)." (215 Pa. at 417.)

The Order under consideration is not clear what "actual out of pocket expenses" encompass. They cannot include court costs because these follow a judgment, which has not yet been obtained. They can include neither general collateral costs, preparation expenses, nor attorney's fees for the reasons set forth hereinabove, this being a cause of action in trespass.

"Order sur Motion to Seal Notes of Testimony" is affirmed. "Order sur Plaintiff's Motion to Hold Witness in Contempt" is vacated insofar as it directs payment to Plaintiff's counsel of his out of pocket expenses without prejudice to the party who prevails ultimately to move for recovery of allowable costs consistent with this opinion, applicable statutes and court rules.

JACOBS, J., concurs in the result.

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:
I would vacate the entire "Order sur Plaintiff's

---

(citation omitted)." *Graver's Appeal,* Pa. Supreme Court, reported in I Lancaster Law Review 229 (1884). See Pennsylvania Rules of Civil Procedure 1523 *et seq.*

Motion to Hold Witness in Contempt," and not vacate it only "insofar as it directs payment to Plaintiff's counsel of his out of pocket expenses. . ." Majority Opinion at 70. The order is suggestive of the discredited practice of finding a defendant not guilty but making him pay costs. *See, Giaccio v. Pennsylvania*, 382 U.S. 399 (1966). If the witness was in contempt, the lower court should have said so, and punished her accordingly. To say that she was not in contempt, and punish her anyway, was abusive.