## Cohen v. Parker

*Kevin J. Kelleher*, for plaintiffs.
*David Freeman*, for defendants.

WILLIAMS, *J.*, March 21, 1979—This matter is before the court on defendants' exceptions to plaintiffs' bill of costs.

Plaintiffs argue that because defendants failed to file a verified specification of the items to which they object, the exceptions should be dismissed pursuant to Northampton County R.C.P. 300.2(b). Such a specification is only required, however, when a party appeals from the prothonotary's taxation of costs. In this case, the prothonotary has not yet taxed the costs and, therefore, we do not believe that defendants are bound by this rule. Thus, we will consider the merits of the objections.

Included in plaintiffs' bill of costs is $60.30 for filing the summons with the prothonotary and for service of this by the sheriff. The prevailing party is entitled to recover costs inherent in a law suit: De Fulvio v. Holst, 239 Pa. Superior Ct. 66, 362 A. 2d 1098 (1976); such as the fees challenged here. Defendants' exceptions to these items are dismissed.

Defendants object to the inclusion of $155 for the cost of filing the appeal from arbitration. By law, $150 of this is not taxable since it represents the amount paid to the arbitrators as compensation: Act of June 16, 1836, P.L. 715, as amended, 5 P.S. §§71, 77. Defendants' exception to $150 of the amount billed for the appeal from arbitration is sustained.

Exceptions to the taxation of witness fees must

also be sustained, since plaintiffs failed to include the information and verification required by Northampton County R.C.P. 300.1(a): Rothwell v. Philadelphia Transportation Co., 57 D. & C. 2d 714 (1972); Hoke v. City of Greensburg, 42 Westmoreland 225 (1960).

Defendants contend that the proper time to tax the $15 fee for service of the witness' subpoenas was after trial. Our rules, however, do not require taxation at that time. See Rothwell v. Philadelphia Transportation Co., supra. This exception is dismissed.

Defendants object to the taxation of $72.20 for notes of testimony. Under Pa.R.A.P. 2771, costs of the notes of testimony, if necessary to a determination of the appeal, are taxable as costs of the appeal. Defendants do not contend that the notes of testimony were not necessary for appeal. The exception is, therefore, dismissed.

Finally, defendants argue that the cost of printing the brief is not properly chargeable because plaintiffs did not comply with Pa.R.A.P. 2742. Rule 2742 requires that a party who wishes to tax the cost of printing necessary copies of briefs, file a bill of costs within 14 days after entry of the judgment or other final order. Since plaintiffs have not complied with Rule 2742, defendants' exception is sustained.

Plaintiffs claim they are entitled to interest on the judgment compounded from the date of the verdict. Under the Judicial Code of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §8101, a *judgment* bears interest at the lawful rate. Plaintiffs are not entitled to compound the interest.

Wherefore, we make the following

## ORDER

And now, March 21, 1979, costs are taxed in favor of plaintiffs and against defendants in the amount of $152.50.