542 A.2d 133

Cynthia GREGORY, Administratrix of the Estate of Charles Gregory, Deceased, and Cynthia Gregory, individually, on behalf of herself and all other persons similarly situated

v.

HARLEYSVILLE MUTUAL INSURANCE COMPANY.

Appeal of Cynthia GREGORY, Administratrix of the Estate of Charles Gregory, Deceased, and Cynthia Gregory, individually, on behalf of herself and all other persons similarly situated, and Angino & Rovner, P.C.

Superior Court of Pennsylvania.

Argued Dec. 10, 1987.

Filed May 18, 1988.

34

Richard C. Angino, Harrisburg, for appellants.

Before ROWLEY, McEWEN and POPOVICH, JJ.

ROWLEY, Judge:

This appeal of Cynthia Gregory, as the administratrix of the estate of Charles Gregory and on behalf of herself and a class of persons similarly situated, and Angino & Rovner, P.C., counsel for the class of persons represented by Gregory (Appellants), is from the trial court's order of May 20, 1987, denying the request of Angino & Rovner for reimbursement of expenses, other than taxable costs, incurred during their successful representation of the class in an action under the now-repealed Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101 et seq. The sole

issue on appeal is whether Appellants are entitled to recover counsel's out-of-pocket and paralegal expenses from the class members themselves. For the reasons set forth below, we hold that they are. We reverse, therefore, and remand for further proceedings.

This action was begun when Cynthia Gregory filed a complaint in assumpsit as a class action on March 24, 1983, against Harleysville Mutual Insurance Company (hereinafter "Harleysville"). Ms. Gregory asserted that Harleysville engaged in the practice of denying maximum work loss benefits available to its insureds by setting off the maximum available survivor's loss benefits against the work loss benefits. She sought to represent all of Harleysville's insureds who had been denied maximum work loss and/or survivor's loss benefits under this practice. Ms. Gregory was represented by the law firm of Litman, Litman, Harris, Brown & Watzman, P.C. On July 30, 1986, the trial court entered an order certifying the action as a class action, the proceedings having been stayed in the interim at the request of Harleysville to await the outcome of a similar class action lawsuit against Harleysville. During the stay, Appellants entered an appearance as co-counsel. The case went to trial on December 8, 1986. After a half day of testimony, the parties reached a settlement.

After failing to reach agreement with Harleysville concerning payment of attorney's fees and expenses, Appellants petitioned the trial court to order Harleysville to pay all of the plaintiffs' counsel fees and expenses or, alternatively, to order Harleysville to pay the majority of the fees and expenses and class members to pay a significantly smaller amount. On May 20, 1987, following hearings on the petition, the trial court ordered Harleysville to pay plaintiffs' counsel fees. The court made the award of counsel fees pursuant to § 1009.107(3) of the No-fault Act, which provides for such an award where "the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation...." Harleysville was also directed to pay all taxable costs (i.e.,

docket costs). The request for reimbursement of expenses other than taxable costs was denied, however, with the trial court stating that "[w]e find no authority whatsoever ... which authorize[s] as costs to a party the expenses for photocopies, telephone calls, express mail delivery, supplies, meals, or computer or paralegal charges herein sought by the plaintiff" (Trial Court Opinion at 54). Appellants repeated their request for reimbursement of out-of-pocket and/or paralegal expenses in a motion for reconsideration filed on June 2, 1987. The motion was denied the following day, and this timely appeal followed.

In this appeal Appellants assert that they are entitled to recover from the members of the class reimbursement for their out-of-pocket expenses and costs of paralegal time, the total of which is an amount approximately equal to three percent of the class members' recoveries. These expenditures were incurred, they contend, in the process of investigating the claims of 152 potential class members and thoroughly documenting the claims of the 119 estates identified as being entitled to recover through the class action. They contend that the trial court confused "costs" with "expenses" and that recovery of the latter from the class members out of the settlement proceeds is not only not barred by the No-fault Act but is in fact allowed under the "common fund" doctrine and mandated by Disciplinary Rule 5–103(B). They do not challenge the trial court's ruling that out-of-pocket and paralegal expenses cannot be recovered from Harleysville. Harleysville has declined to participate in the appeal. Furthermore, no brief in opposition to Appellants' request has been filed by the class representative or any member thereof.

The trial court identified § 106(b)(1) of the No–Fault Act, 40 P.S. § 1009.106(b)(1), as the provision of the Act that provides for recovery of costs where, as in this case, the action has been settled by the parties. § 106(b)(1) provides in pertinent part that

a claim may be discharged by a settlement to the extent authorized by law and upon a finding, by a court of

competent jurisdiction, that the settlement is in the best interest of the claimant and any beneficiaries of the settlement ... and upon payment by the restoration obligor [the insurer] of *the costs of such proceeding* including a reasonable attorney's fee (based upon actual time expended) to the attorney selected by or appointed for the claimant. *Such costs* may not be charged to or deducted from the proceeds of the settlement ...

(emphasis added). The language of § 106(b)(1) leaves no doubt that the costs to be paid by the insurer, whatever they may be, are the same costs that "may not be charged to or deducted from the proceeds of the settlement...." Thus, if the expenses sought to be recovered by Appellants (overhead and paralegal expenses), are "costs," within the meaning of § 106(b)(1), they may not be charged to the settlement proceeds. On the other hand, if Appellants' expenses are not included within the term "such costs," § 106(b)(1) does not prohibit their recovery from Appellants' clients.

■ As noted by the trial court, the term "costs" is not explained in § 106(b)(1) itself or in the definitions section of the No-fault Act, 40 P.S. § 1009.103. Appellants cite no case, and our research has uncovered none, that specifies the nature of the costs referred to in § 106(b)(1). Therefore, in order to comply with the statutory direction to construe words and phrases according to their common and approved usage, 1 Pa.C.S.A. § 1903(a), we turn to the general case law governing the award of costs. The general rule in an action at law is that the costs inherent in a lawsuit are awarded to and should be recoverable by the prevailing party. *Gold & Company, Inc. v. Northeast Theater Corporation*, 281 Pa.Super. 69, 75, 421 A.2d 1151, 1154 (1980); *De Fulvio v. Holst*, 239 Pa.Super. 66, 69, 362 A.2d 1098, 1099 (1976). These recoverable costs are the costs of proceeding in court, not those of preparation, consultation, and fees generally. *Gold v. Northeast Theater, supra; De Fulvio v. Holst, supra.* Costs not incurred in the court action, including counsel fees, are recoverable

only on the basis of statutory authority.[1] *De Fulvio v. Holst*, 239 Pa.Super. at 69, 362 A.2d at 1099–1100. Only in the rarest of circumstances is the unsuccessful party made to bear all of the expenses incurred in the litigation. *Feist v. Luzerne County Board of Assessment Appeals*, 22 Pa.Cmwlth. 181, 194, 347 A.2d 772, 780 (1975), *cert. denied*, 429 U.S. 1097, 97 S.Ct. 1115, 51 L.Ed.2d 545 (1977).

■ Thus, case law indicates that the common and approved meaning of "costs" is "court costs" or "docket costs." If recovery of other costs is to be awarded from the unsuccessful party, there must be statutory authority for doing so. We conclude that § 106(b)(1) does not provide such authority. The costs that may be recovered from the insurer under this provision are "the costs of such proceeding." This choice of words implies that only the costs attendant upon the judicial proceeding itself may be recovered. In addition, the statute provides explicitly for one addition to the general rule of costs, an attorney's fee, but for no others. We decline to read into § 106(b)(1) an additional expansion of the general rule. Accordingly, we hold that § 106(b)(1) does not provide for the recovery of out-of-pocket and paralegal expenses from the insurer, and therefore it does not bar recovery of those costs from the proceeds of the settlement.

Moreover, Disciplinary Rule 5–103(B) of the Code of Professional Responsibility, adopted February 27, 1974, as amended through April 26, 1984, imposes upon an attorney an obligation to recover the costs of litigation from his or her clients.[2] Pursuant to DR 5–103(B), an attorney may

1. Cases in equity are exceptions to the general rule that costs follow the judgment and to the statutory allowance of the award of collateral costs. *De Fulvio v. Holst*, 239 Pa.Super. at 69 n. 1, 362 A.2d at 1100 n. 1. In equity, the awarding of costs rests in the sound discretion of the trial court. *Id.*

2. The Code of Professional Responsibility has been superseded by the Rules of Professional Conduct, adopted by order of our Supreme Court dated October 16, 1987, and effective April 1, 1988. As the Rules of Professional Conduct were not in effect during the course of this litigation, we do not address them here.

advance or guarantee the expenses of litigation only if the client remains ultimately liable for those expenses. In the case before us, the lawsuit filed by Appellants' client, Cynthia Gregory, has resulted in the creation of a settlement fund that will be shared by Gregory and 118 other members of the class. Under the "common fund" doctrine, where a plaintiff creates a fund from which one or more other parties benefit, those parties should contribute proportionally to the expense of creating the fund. *Shearer v. Moore*, 277 Pa.Super. 70, 78, 419 A.2d 665, 669 (1980) (citing *Hempstead v. Meadville Theological School*, 286 Pa. 493, 495–96, 134 A. 103, 103 (1926)). We conclude that the common fund doctrine should be applied in the case before us.

■ Appellants ask that we reverse the trial court and require the class members to pay, in amounts pro-rated to the recovery of each member, the sum that Appellants assert they have incurred in paralegal and out-of-pocket expenses. They contend that this sum "is clearly reasonable in light of the . . . settlement reached . . . on behalf of the class" (Brief for Appellants at 24). Whether this sum is in fact reasonable is a question to be answered by the factfinder, which this Court is not. Accordingly, we reverse paragraph 6 of the trial court's May 20, 1987 order, which denies Appellants' request for reimbursement of expenses other than taxable costs, and remand the case to the trial court with instructions to determine the total expenses reasonably incurred by Appellants.[3] That amount shall be paid to Appellants by the class members, with the contribution of each member being proportional to his or her recovery.

Paragraph 6 of the trial court's order is reversed and the case is remanded for proceedings consistent with this memorandum. Jurisdiction is relinquished.

**3.** In so holding, we express no opinion as to the reasonableness of the total sum sought by Appellants in this appeal.